## ELDORADO INDEPENDENT SCHOOL DIST. v. BECKER.

### No. 8730.

Court of Civil Appeals of Texas. Austin.

Sept. 28, 1938.

Rehearing Denied Oct. 19, 1938.

Joab Campbell, of Eldorado, for appellant.

George A. Wynn, of Sonora, and R. G. Hughes, of San Angelo, for appellee.

BAUGH, Justice.

Appellee was employed by appellant as architect under a written contract to draw plans and specifications for, and to supervise the construction of, certain school buildings in the town of Eldorado, at an agreed fee of 5% of the cost thereof. The structures were completed by the contractor, accepted and paid for by the school district, and said architect paid part of his fees. Upon refusal by the school board to pay him the balance claimed by him to be due under his contract, this suit was brought. The school district filed general and special denials, alleged fraud between the architect and the contractor in the final approval of the work, and filed a cross-action for damages against appellee for failure to require the contractor to comply with the plans and specifications embodied in the building contract. At the close of the evidence, the trial being to a jury, on appellee's motion, the court withdrew the case from the jury, rendered judgment for plaintiff for the amount sued for ($912.92), and denied appellant any recovery under its cross action, from which judgment the school district has appealed.

While the appellant's assignments of error are all too general to require us, under numerous decisions, to consider them, we have nevetheless examined the record, the cases cited, and have concluded that all of said assignments should be overruled and the judgment of the trial court affirmed.

The first contention made by appellant is that appellee failed to show that a building permit for the construction of said building had been procured from the superintendent of schools as required by Art. 2921, R.S. It is not controverted that the plans and specifications for such building had been submitted to and approved by the board of trustees, the superintendent, forwarded to and approved by the State Department of Education as being in compliance with Art. 2920, R.S., and the construction of the building authorized. The superintendent testified that he issued the permit required by Art. 2921 and filed it with the records of the school district. Only two of the trustees testified on this point, and the substance of their testimony was to the effect that they did not know whether such permit was ever issued by the superintendent or not, but that they had never seen such permit. In view of the fact that the building was completed and

accepted by the board, the presumption that the superintendent discharged his duties properly, and his positive testimony that he did issue such permit, we think no fact question on this issue was presented.

The next contention made by appellant is that appellee failed to show that the necessary funds for the construction of said building had ever been available for that particular purpose, as required by Art. 2827, R.S., citing particularly Harlingen Ind. School District v. Page & Bro., Tex. Com.App., 48 S.W.2d 983. That case manifestly has no application to the facts of the instant case. That was an executory contract relating to anticipated funds to be realized from bond issues not yet voted. In the instant case it is not controverted that the bonds had been issued, sold, the proceeds made available for building purposes, the building contract made and fully executed, and the contractor paid in full thereunder. The record also shows that the school board itself had made such payments, had set aside funds for the express purpose of paying the architect's fees, and that the board had at all times since the sale of said bonds had on hand sufficient funds to pay appellee the balance due him under his contract. Even though no funds were actually available at the time the school board entered into its contract with appellee, it is clear that it was merely conditional at that time in contemplation of and dependent upon bonds being voted, a sale thereof, and the erection of said building. It cannot be said, therefore, that a debt was created against the school district until these conditions had transpired. And when all of these conditions had come to pass, the moneys made available, and the contract fully executed, clearly it became a valid charge against the funds legally provided to discharge it. This question, and the proper application of the holding in the Harlingen Independent School District case to an executed contract under such circumstances, is fully discussed in W. L. Pearson & Co. v. Hutchison County, Tex. Civ.App., 52 S.W.2d 509, writ refused, to which we refer without further discussion here.

The only remaining contention is predicated upon appellant's third assignment of error, as follows: "The trial court erred in rendering judgment for the plaintiff."

Manifestly this is too general to warrant consideration of it. See 3 Tex.Jur. § 607, p. 870. From an examination of the entire record, however, it is manifest that appellee was entitled to a judgment as a matter of law and the trial court properly so rendered it.

Affirmed.