**BEAR v. DONNA INDEPENDENT SCHOOL DIST. et al.**

**No. 9566.**

Court of Civil Appeals of Texas.
San Antonio.

July 18, 1934.

Rehearing Denied Aug. 10, 1934.

J. S. Bracewell, of Houston, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellees.

MURRAY, Justice.

Appellant, George V. Bear, instituted this suit in the Ninety-Third district court of Hidalgo county, against appellees, Donna Independent School District, its board of school trustees, and Harris G. Carter, seeking a temporary injunction restraining appellees and each of them from asserting the invalidity of appellant's contract as superintendent of the Donna Independent School District, or from denying his right to exercise all the powers, privileges, and duties of such office, or from in any manner interfering therewith, or from dispossessing him of said office and the equipment now in his possession, and that they be restrained and enjoined from refusing to execute and issue appellant vouchers for his services, and that upon final hearing said injunction be made perpetual.

Appellees answered by filing a plea in abatement seeking to have appellant's cause of action dismissed for want of jurisdiction in the district court, appellant having failed to apply to the higher school authorities for relief before invoking the jurisdiction of the courts. The trial court sustained the plea in abatement, and George V. Bear has prosecuted this appeal.

Appellant alleged in his petition, among other things, that the Donna Independent School District was created by virtue of a special act of the Thirty-Sixth Legislature (Sp. Acts 1919, c. 81); that appellant had been superintendent of this district for a number of years; that under the provisions of a contract executed on March 14, 1931, appellant had been employed as superintendent of said district for a period beginning on July 1, 1931, and ending on June 30, 1934, at a

salary of $4,200 per annum, together with certain expense money; that on the 8th day of March, 1934, the board of trustees of this district re-elected appellant as superintendent for a period of three years, at a salary of $3,000 per annum, and $25 per month for car expense, this three-year term beginning on the 1st day of July, 1934, and ending on the 30th day of June, 1937. That shortly after the making of this last contract there was a change in the personnel of the board of school trustees, and on May 2, 1934, without notice or hearing to appellant, the new board of school trustees elected appellee Harris G. Carter superintendent of the schools of this district, for a period of one year, beginning June 1, 1934, and the president of the school board notified appellant, by letter, that his services were terminated June 1, 1934, and that as a result of this transaction appellee Carter is openly asserting title to said office and asserting the right to enter upon the execution of same from June 1, 1934, and threatening to oust appellant therefrom; and that the school board, acting together with Carter, is asserting title to said office and the right of Carter to occupy the same, and is denying the validity of appellant's contracts, both of March 14, 1931, and March 8, 1934, and threatening to deny him access to the records of the superintendent's office, and the right to exercise the functions of his employment; that unless restrained by the action of the court the said Carter, with the aid, connivance, and acquiescence of the majority of the board of trustees, will usurp and take possession of said office and oust appellant and not permit him to perform the duties pertinent thereto, and will fail and refuse to issue to him vouchers for services which may be rendered by the terms of his contract; and that he will thus suffer irreparable damages and injury.

This appeal presents the correctness of the trial court's action in sustaining the plea in abatement to appellant's petition. It is unquestionably the general rule that in matters involving the administration of public school matters persons considering themselves aggrieved thereby are required to appeal to the higher school authorities before resorting to the courts. Article 2656 and article 2686, R. S. 1925, as amended Acts 1927, 40th Leg., p. 128, ch. 83, § 1 (Vernon's Ann. Civ. St. art. 2686).

However, appellant contends that where a school board acts without authority of law and contrary to express statutes, and in such manner that its act is void, then the courts of the land may be appealed to directly without first exhausting the remedy of appeal to the school authorities.

This is unquestionably correct, and was so held in State Line Consolidated School District v. Farwell Independent School District (Tex. Com. App.) 48 S.W.(2d) 616.

The question to be decided is: Has appellant by the allegations of his petition shown this case to come within the above exception?

Article 2749, R. S. 1925, provides, among other things, that the board of school trustees shall have the power to employ and dismiss teachers, but in case of dismissal teachers shall have the right to appeal to the county and state superintendents. Thus it is seen that the school trustees of the Donna District did have the legal right to employ and dismiss teachers, and, having exercised this power, the above article makes it the duty of any teacher who may feel aggrieved at such action to prosecute an appeal to the proper school authorities.

It is argued by appellant that, in view of the fact that he was in effect discharged without notice or hearing, he would not be required to appeal to higher school authorities, but should be permitted to seek redress from such unlawful act on the part of the school board in the courts. We cannot agree with this contention. The controversy in this case finally resolves itself into a dispute between appellant and appellee Carter as to which one has the legal right to the position of superintendent of schools of the Donna District. Such controversy should be first submitted to the proper school authorities before resort can be had to the courts. Moreland v. Wynne (Tex. Civ. App.) 62 S. W. 1093; Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Borger, etc., v. Dickson (Tex. Civ. App.) 52 S. W.(2d) 505; Gragg v. Hill (Tex. Civ. App.) 58 S.W.(2d) 150.

Appellant cites Miller v. Smiley (Tex. Civ. App.) 65 S.W.(2d) 417. In that case Chief Justice Pleasants, speaking for the Galveston Court of Civil Appeals, uses some language which seems to hold that where a teacher has been discharged without notice and hearing resort may be had to the courts without first appealing to the proper school authorities, but when that case is carefully considered it becomes plain that what the court actually held was that Miss Miller properly appealed from the action of the school board to the county superintendent and thence to the county board of school trustees, and then elected, under the provisions of article 2686, R. S. 1925, as amended, to appeal to the

courts, without further prosecuting her appeal to higher school authorities. Unquestionably the above article gave Miss Miller the right to do this, as Miss Miller had prosecuted her appeal to all of the higher school authorities required by article 2686, before resorting to the courts. In the case at bar, Bear has not appealed to the school authorities, but has attempted to invoke the jurisdiction of the courts without first seeking redress at the hands of the higher school authorities, which it was his duty to do.

The fact that the school board may have discharged Bear without notice or hearing would not deprive the higher school authorities of their right to pass upon this controversy. If he was properly dismissed, he would have no grievance whatever, and if improperly dismissed, because he did not have notice and hearing, or for other reasons, the law requires that he first seek relief at the hands of the higher school authorities before resorting to the courts.

The failure of appellant's petition to allege that he had resorted to the proper school authorities before appealing to the courts was sufficient to defeat the jurisdiction of the courts, and the trial judge properly sustained the plea in abatement to appellant's petition, and the judgment of the trial court dismissing appellant's cause of action will be in all things affirmed.