## TRUSTEES OF CROSBY INDEPENDENT SCHOOL DIST. v. WEST DISINFECTÍNG CO.

### No. 12519.

Court of Civil Appeals of Texas. Dallas.

Oct. 22, 1938.

Rehearing Denied Nov. 26, 1938.

Tom R. Jones, of Houston, for appellants.

McCombs, Andress & Johnson, of Dallas, for appellee.

BOND, Chief Justice.

This suit was instituted in a justice court of Dallas County, appealed to the county court and, on an adverse judgment, defendant appealed to this court.

Appellee sought judgment for debt against the "Trustees of Crosby Independent School District", alleged to be an "independent school district, located in the town of Crosby, Harris County, Texas"; and for a writ of mandamus to compel the trustees of said district to issue a warrant and the depository of the district to pay said warrant out of any funds in its possession belonging to the school district, or out of such funds as are, available to pay said warrant. Plaintiff's petition alleged in part:

"On or about the 16th day of July, 1934, defendant purchased of and from the

plaintiff certain goods, wares, and merchandise, all of such merchandise being purchased upon the requisition of Max N. Christianson, at that time Superintendent of Schools, for defendant, and all of which such merchandise was delivered by plaintiff to defendant, all as more fully hereinafter set forth. Such order was made payable at Dallas, Texas, in February, 1935, amounting to the sum of $166.03, and consisted of various merchandise set forth upon the itemized account accompanied by affidavit hereunto attached * * *. Although often requested, defendant has failed and refused to make payment for such merchandise ever since the due date thereof, to-wit, February, 1935, whereby plaintiff had been damaged in the amount of its said debt in the sum of $166.03, with interest from February 1, 1935, as provided by law." The petition concludes with prayer for judgment for the debt and writ of mandamus, to compel the issuance and payment of a warrant for said indebtedness. The petition does not allege that the claim was presented for approval to the trustees of said school district, or that it had effectually exhausted the remedy of appeal to the school authorities before filing of the suit; nor is there any allegation that the school district had on hand any fund available for the payment of said debt, and does not in anywise make the depository of the school fund a party to the suit as to effect its remedy by mandamus.

The trial court overruled appellant's general demurrer to appellee's petition, entered judgment for the amount in suit and directed a writ of mandamus to issue, commanding the trustees to execute warrant and the depository to register and pay said warrant out of any available funds in its possession belonging to the school district.

This appeal must be decided on a point of fundamental error, apparent upon the record, involving whether the plaintiff was required to present its claim for approval to the trustees of the Crosby Independent School District and to exhaust the remedy of appeal through the state and county school authorities, before resorting to the courts; and, whether the claimant has a remedy by writ of mandamus; and, required to allege that, at the time the suit was filed, the school district had on hand funds available for the payment of the debt, and to make the depository of the school funds a party to the suit, before a writ of mandamus may issue.

The Legislature has placed school affairs of this state within the jurisdiction of departments created for that purpose, and has fixed the method of procedure to keep school controversies, as far as possible, out of the courts. The statute provides for the organization of "common school districts" (Art. 2741 et seq., R.S. 1925, Vernon's Ann.Civ.St. art. 2741 et seq.); and for "independent districts in towns" (Art. 2757 et seq.); and for "independent districts in cities" (Art. 2768 et seq.), each having separate units of management and control, and each governed by the general school law of the state, except where otherwise provided. The common school districts are managed and controlled by three elected trustees, and they have the management and control of the school affairs; contract with teachers, and manage and supervise the schools, subject to the rules and regulations of the county and state superintendents. They approve all claims against school funds of their district, provided the trustees, in making contracts with teachers, shall not create a deficiency debt against the district (Art. 2749). Any common school district containing seven hundred inhabitants or more may form an incorporation for free school purposes only, which may or may not include within its powers any town or village incorporated for municipal purposes, the same not having assumed control of the public free schools within its limits. The territory so incorporated shall be designated as an "independent school district" (Art. 2757). The school affairs of such districts are entrusted to boards of trustees, who are "vested with all the rights, powers, privileges and duties conferred and imposed upon the trustees and boards of trustees of independent school districts by the general laws of this State" (Art. 2758). When a town or village incorporates for free school purposes only and an incorporated city or town forms a part of such independent school district and it assumes the management and control of its school, the school affairs are also entrusted to a board of trustees, and the board is "vested with the same authority as is conferred by law upon school trustees in cities and towns" (Art. 2762). Such incorporated district having fewer than one hundred fifty scholastics is governed in the general administration of their schools, by the law

which applies to common school districts; and all funds of such district shall be kept in the county depositories and paid out on orders of the trustee, approved by the county superintendent (Art. 2763). Provisions are also made for municipal corporations, cities, and towns to assume exclusive control of their public free schools within its limits, and such schools are also denominated "independent school districts". Any city or town that has acquired the exclusive control and management of the public free schools within its limits, its school affairs are also governed by and under the control of a board of trustees appointed by the Mayor and Council or Aldermen of such city or town; and the trustees of such school district are empowered to adopt such rules, regulations and by-laws as they may deem proper in the management of their schools (Art. 2768 et seq.). Art. 2771 provides: "Schools thus organized and provided for by incorporated cities and towns shall be subject to the general laws [school laws], so far as the same are applicable; but each city or town having control of schools within its limits shall constitute a separate school district, and may provide for the organization of schools and the appropriation of its school funds in such manner as may be best suited to its population and condition."

The general school laws of the state, applicable to all schools, provide: Art. 2690, "The county superintendent shall have, under the direction of the State Superintendent, the immediate supervision of all matters pertaining to public education in his county, * * *. He shall have authority over all of the public schools within his county, except such of the independent districts as have a scholastic population of five hundred or more. * * * All appeals in such independent school districts shall lie to the county superintendent, and from the decisions of the county superintendent to the State Superintendent, and thence to the State Board of Education"; and Art. 2655, for the election of a state superintendent who is charged with the administration of the school laws and general superintendency of the business relating to all public schools of the state, and empower to hear and determine all appeals from the rulings and decisions of subordinate school officers.

■ The duty of appellee in the collection of its alleged claim is in the above articles defining the method of seeking redress. School districts operate as governmental agencies, which the Legislature of this State has seen fit to subject to litigation by a particular method of procedure which is exclusive of all others. The judiciary will not assume primary jurisdiction in matters coming within the prerogatives of the educational departments, until the remedies therein provided are shown to have been exhausted. Adkins et al. v. Heard et al., Tex.Civ.App., 163 S.W. 127; Boyles v. Potter County et al., Tex.Civ.App., 177 S.W. 210. The Legislature has placed the control of all public schools in the hands of trustees and has provided that they shall approve all claims against the school funds of their district, and that all aggrieved parties shall appeal to the school authorities before seeking relief in the courts. The courts of this state have uniformly held that a petition failing to allege that complainant has exhausted the remedies provided by the Legislature is subject to demurrer.

■ Appellee's claim for debt furnishes a basis for a controversy over the legality of the purchase by the Superintendent of the Crosby Independent School District, and fact issues as to the claim being fair, just, and unpaid; thus, in consonance with the legislative intent and desire to keep school controversies, as far as possible, out of courts, the procedure for settlement for such controversies should be followed and exhausted before resorting to legal proceedings in the courts. This procedure is applicable to all types of independent school districts and common school districts, regardless of how organized and controlled. Temple Independent School Dist. et al. v. Proctor, Tex.Civ.App., 97 S.W.2d 1047.

In State ex rel. Nevills v. Sanderson, 88 S.W.2d 1069, the Waco Court of Civil Appeals held, citing authorities, that a petition which fails to allege that the complainant resorted to the school authorities and the method of appeal provided in such controversies is subject to a general demurrer, using the following language [page 1070]:

"It is a well-established rule that in all matters pertaining to the administration of school laws involving questions of fact as distinguished from pure questions of law resort must first be had to the school authorities and the method of appeal there

provided for exhausted before the courts will entertain jurisdiction of a complaint with reference to such matters. 37 Tex. Jur. 818, 920; Warren v. Sanger Ind. School Dist., 116 Tex. 183, 288 S.W. 159, par. 1, and authorities there cited; Bishop v. Houston Ind. School Dist., 119 Tex. 403, 29 S.W.2d 312; Bear v. Donna Ind. School Dist. (Tex.Civ.App.) 74 S.W.(2d) 179; Gragg v. Hill (Tex.Civ.App.) 58 S. W.(2d) 150; Bevers v. Winfrey (Tex. Civ.App.) 260 S.W. 627.

"It is also well settled that a petition, in order to be sufficient to invoke the jurisdiction in such matters, must allege that resort has been had to the proper school authorities and a ruling had thereon, and, in the absence of such allegation, the petition is subject to a general demurrer. 37 Tex.Jur. 919; Bear v. Donna Ind. School Dist. (Tex.Civ.App.) 74 S.W.(2d) 179; Adkins v. Heard (Tex. Civ.App.) 163 S.W. 127; Johnson v. City of Dallas (Tex.Civ.App.) 291 S.W. 972; Huntington Ind. School Dist. v. Scroggins (Tex.Civ.App.) 9 S.W.(2d) 171; Campbell v. Moore (Tex.Civ.App.) 12 S. W.(2d) 806."

See, also, Jackson v. Cook, Tex.Civ. App., 82 S.W.2d 154; Cook v. Jackson, Tex.Com.App., 109 S.W.2d 160; Palmer Pub. Co. v. Smith, Tex.Com.App., 109 S. W.2d 158, 159.

■ In the judicial system of this state, a justice of the peace cannot exercise the extraordinary powers of equity jurisdiction in granting injunctions, mandamus and like equitable processes; such powers are conferred exclusively on the district courts. The justice courts, by statute, are given exclusive jurisdiction in certain classes of cases to give relief against wrong and injustice, but they are not granted the power to issue writs of injunctions and mandamus. L. W. Crawford v. J. Q. Sandridge, 75 Tex. 383, 12 S.W. 853; Poe v. Ferguson, Tex.Civ. App., 168 S.W. 459; Kieschnick et ux. v. Martin et al., Tex.Civ.App., 208 S.W. 948; Houston Heights Water & Light Ass'n et al. v. Gerlach et al., Tex.Civ. App., 216 S.W. 634. The county court, on appeal from a suit originating in a justice court, acquires no greater jurisdiction and can grant no greater relief than the court from whence the cause was appealed. This suit having been instituted in the justice court on an alleged claim in an amount exclusively within the jurisdiction of the justice court, and that court not having jurisdiction to issue a writ of mandamus, the county court, to which the appeal was taken to be tried de novo, had no jurisdiction to issue the writ.

■ Furthermore, plaintiff's petition does not allege that, at the time the claim was contracted and at the time of the filing of the suit, the depository of the Crosby Independent School District had on hand funds legally available to cover the claim, and does not make the depository of the school fund a party to the suit. In passing upon the question of the necessity of an allegation and proof that "funds to cover the claim are on hand", the Amarillo Court of Civil Appeals, in Boyles v. Potter County, supra, 177 S.W. 212, says: "It must further appear affirmatively from the petition that the funds are on hand for the payment of plaintiff's claim".

In Templeman Common School Dist. No. 1 of Brazos County v. Boyd B. Head Co., 101 S.W.2d 352, the Waco Court of Civil Appeals held that [page 354] "The trustees were authorized to expend the sum set apart to the district, but not empowered to contract a debt against the funds of future years". See W. W. Collier, County Treasurer, v. Wesley Peacock, 93 Tex. 255, 54 S.W. 1025; First Nat. Bank of Athens v. Murchison Independent School Dist., Tex.Civ.App., 114 S.W.2d 382.

Therefore, the trial court erred in overruling appellant's demurrer; the judgment of the lower court on appellee's claim for debt is reversed and remanded, and for mandamus, reversed and rendered in favor of appellant.

Reversed and remanded in part; reversed and rendered in part.