

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. John Stapleton
County Attorney
Floyd County
Floydada, Texas

Opinion No. O-4181
Re: Whether independent school
district may pledge the antici-
pated state and county available
funds for the current year as
security for money borrowed to
pay salaries of teachers and su-
perintendents for the current
year.

Dear Sir:

We have received your letter of October 31, 1941, in which you ask the opinion of this department on the above captioned question.

Article 2749, Revised Civil Statutes, reads in part as follows:

". . . provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district."

Article 2827, Revised Civil Statutes, provides in part as follows:

"The public free school funds shall not be expended except for the following purposes:

"1. The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those of the then current year."

The Supreme Court of Texas in the case of Collier v. Peacock, 54 S.W. 1025, had the following to say:

"But the trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district. In other words, they could not contract debts in the employment of teachers to an amount greater than the school fund apportioned to that district for that scholastic year. This limitation upon the power of the trustees in making the contract with the teachers necessarily limits the payment of the debts that might be contracted to the amount of the fund which belonged to the district for that year, and any debt contracted greater than that would be a violation of the law, and constitute no claim against the district." See also First Nat. Bank of Athens v. Murchison Independent School District, 114 S.W. (2d) 382; Trustees of Crosby Independent School District v. West Disinfecting Co., 121 S.W. (2d) 661.

Although you do not so state, we assume that the loan contemplated is a short time loan and is not for an amount greater than that which the district reasonably anticipates for the current year.

In view of the foregoing authorities, you are respectfully advised that the trustees of an independent school district may borrow money for the payment of teachers' and superintendents' salaries for the current year and pledge the anticipated state and county available school funds as security. However, any debt created in excess of the amount which the district reasonably anticipates that it will obtain for the current year would be invalid.

APPROVED DEC 3, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY
GENERAL

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED: OPINION COMMITTEE
BY: BWB, CHAIRMAN

GWS:mp:wb