Charlie Nichol **FARRAR**, Appellant,

v.

**COLORADO INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 4330.

Court of Civil Appeals of Texas.

Eastland.

July 31, 1969.

Rehearing Denied Aug. 22, 1969.

Dell Barber, Colorado City, for appellant.

Guilford L. Jones, Big Spring, for appellees.

COLLINGS, Justice.

This is an appeal by Charlie Nichol Farrar from an order sustaining a plea in abatement and dismissing his suit. Plaintiff brought the suit against Colorado Independent School District and James G. McMath, Superintendent of Schools of said District, alleging that he had for sometime before April 10, 1967, been employed by the defendant school district and that on such date he accepted a contract of employment as Tax Assessor and Collector of the district for a period beginning September 1, 1967, and ending on August 31, 1969, at a salary of $5,400.00 per year. Plaintiff alleged that the contract was in writing as shown by the minutes of the Board of Trus-

tees of the district; that thereafter on or about August 9, 1967, defendant School Superintendent McMath advised plaintiff that the School Board had rescinded its action of April 10, 1967. Plaintiff alleged that he was wrongfully "fired" by the board and by reason thereof has suffered $10,-800.00 actual damages; that the action of the defendants was willful, malicious and with the intent to injure plaintiff and that he is therefore entitled to recover $5,000.00 in exemplary damages. Plaintiff's first Supplemental Petition was equivalent in substance to his original petition and in addition thereto set out the minutes of the Board of Trustees rescinding the prior order concerning the contract of employment here sued upon. The minutes of the board concerning plaintiff's previous employment on May 9, 1966, the minutes of April 10, 1967, and the minutes of July 13, 1967, rescinding the action of the board on April 10, 1967, are as follows:

May 9, 1966 (Regular Session)—"It was moved by Arlene Morris and seconded by O. B. Trulock, Jr., that Mr. Nick Farrar be rehired for one year as School Tax Assessor-Collector, effective September 1, 1966."

April 10, 1967 (Regular Meeting)—"Motion was made by Bill Carter and seconded by Mrs. Cowan that Assessor-Collector C. N. Farrar's contract be extended to August 31, 1969. Carried."

July 13, 1967 (Special Called Meeting)—"RESCIND ACTION: Motion by Bill Carter, seconded by Mrs. Cowan that the following excerpt from April 10, 1967, minutes, page 236 of the minute book, be rescinded: 'Motion was made by Bill Carter and seconded by Mrs. Cowan that assessor-collector C. N. Farrar's contract be extended to August 31, 1969'. Action to rescind these minutes was taken because they were violative of Article 3995, Revised Civil Statutes of Texas. Motion carried unanimously."

The defendants denied the existence of a contract of employment as alleged by plaintiff. They alleged that the Board of Trus-

tees by its action on April 10, 1967, tendered to plaintiff an extension of his previous contract of employment, but that plaintiff never accepted the offer; that by custom and practice the duties of the plaintiff in previous years included not only those of Tax Assessor and Collector but also the duties of business manager for the school district; that plaintiff upon being informed of the action of the board on April 10, 1967, and prior to the board's action on July 13, 1967, expressed his unwillingness to continue to perform the duties of business manager; that plaintiff was presented with a proposed written contract of employment which he refused to sign, and that no contract was entered into; that if plaintiff was, in fact "fired", such action was not wrongful but under the circumstances was within the legal authority and duty of the board and of the Superintendent of Schools.

The defendants also filed a plea to the jurisdiction of the court, asserting that the controversy involved issues of fact as well as of law, and was of the kind and nature required under the laws of this state to be submitted to the Commissioner of Education for determination prior to any jurisdiction of the case by the District Court. The Court sustained the defendant's plea to the jurisdiction of the Court and dismissed the case. Charlie Nichol Farrar has appealed.

Appellant presents one point of error, contending that the Court erred in dismissing this case complaining of the action of the Board of Trustees of an independent school district which was not first submitted to the State Commissioner of Education. Appellant asserts that his pleadings in the trial court allege a cause of action which involves purely a question of law and not of fact, and that the District Court therefore had jurisdiction of the case.

■ It is well settled that an employee of a school district whose contract of employment has allegedly been wrongfully terminated is required to apply to the school authorities for relief before filing his suit in the District Court because the question involved is one of fact. See Articles 2654-1 et seq., 2654-7 and Article 2656, Vernon's Ann.Tex.Civ.St.; Hinojosa v. San Isidro Independent School District, 273 S.W.2d 656 (San Antonio Tex.Civ.App., 1954); Murray v. San Augustine Trustees, 307 S.W.2d 622 (Beaumont Tex.Civ.App., 1957); Daniel v. Dallas Independent School District, 351 S.W.2d 356 (El Paso Tex.Civ. App., 1961, ref. n. r. e.); James v. Board of Trustees, Eagle Pass Independent School District, 376 S.W.2d 956 (San Antonio Tex. Civ.App., 1964); Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877.

■ As appellant contends, it is also well recognized that direct appeals to the Court are proper in controversies involving pure questions of law. Section 1 of Article 2654-7 which provides for appeals to the Commissioner of Education in matters of dispute under provisions of the School Laws of Texas specifically states that nothing in the Section shall deprive any party of a legal remedy. Appellant points out that the Board's reason for terminating his contract of employment as shown by the minutes, was that the contract was in violation of the Statute of Frauds, Article 3995, V.A.T.C.S. Appellant argues that since the Board then specified the reason for discharging him it cannot now in his action for damages set up a different ground for the discharge; that the question of whether the contract of employment is in violation of the Statute of Fraud is purely a question of law and no question of fact is involved. Appellant's contention is that the minutes of the school board of April 10, 1967, together with the minutes of the meeting on May 9, 1966, constitute a complete contract upon which he is entitled to recover. We cannot agree with this contention. The minutes of the Board provide for a contract of employment in general terms but do not set out in detail the full provisions and terms of a contract of employment including such matters as the amount of appellant's compensation, the duties to be performed, the working hours and conditions and numerous

other matters common to employment contracts. The minutes themselves do not show a complete contract. For appellant to recover the damages prayed for in his pleadings he would need to show additional terms of the claimed contract which are not shown in the minutes. Appellant admits that he refused to sign the written contract tendered to him setting out specific terms of employment but states that the tendered contract was not in accordance with the agreement between the parties. All of these matters involve questions material to appellant's right to recover herein, and are questions of fact.

It thus appears that the pleadings raise questions of fact material to a determination of the controversy as to whether any contract of employment was ever entered into, and whether appellant was rightfully or wrongfully discharged, if any contract of employment was entered into. Therefore resort must first be had to the school authorities and the method of appeal provided for in such cases exhausted before the Courts will entertain jurisdiction of a complaint with reference to such matters. The trial court properly sustained appellee's plea to the jurisdiction. Mission Independent School District v. Diserens, supra.

The judgment is affirmed.