**Ricardo GARCIA, Appellant,**

v.

**PHARR, SAN JUAN, ALAMO INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 877.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Sept. 19, 1974.

Filemon B. Vela, Brownsville, for appellant.

F. P. Benavides, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

Appellant Ricardo Garcia, a school teacher, brought suit in District Court against Pharr, San Juan, Alamo Independent School District for an alleged wrongful and illegal termination of his services as a teacher. The School District filed a plea to the jurisdiction of the court alleging among other reasons that the appellant must first exhaust his administrative remedies before resorting to an action in the District Court. The 139th District Court of Hidalgo County, Texas, sustained appellee's plea and held that the cause should be dismissed for lack of jurisdiction. It is from this order that appellant has perfected his appeal to this Court.

Appellant was a school teacher for the appellee School District. He was employed in the migrant program. This was a stepped-up, highly intense program of education for migrant children who are only here a small part of the school year. Teaching hours in the program were from 8:00 a. m. to 5:00 p. m. Considerable outside time was required for preparation for the long teaching hours. At that time the school district had in effect a board policy, which provided:

"It shall be the Policy of this board to grant a leave of absence to anyone desiring to run for public office.

Further, that no one will be granted permission to run for public office and remain on active status.

The Superintendent is instructed not to promise any employee that he will have the same position back if he requests Political Leave. He should, however, be given priority and consideration for the first available position for which he is qualified and is acceptable to him and the superintendent of schools."

In October of 1971, the appellant let it be known publicly that he was seeking political office in the Democratic Primary. The school district through it superintendent notified the appellant that if he sought political office, he would be required to take political leave in accordance with the school board's policy. (Reciting the hereinbefore mentioned board policy.) In November of 1971, the appellant notified the school district that he was in fact a candidate for political office. The school board then notified the appellant that effective December 18, 1971, he would be granted a political leave of absence within the terms of the Board's policy. Shortly, thereafter, the appellant appeared with counsel at a hearing before appellee school district to contest the action claiming that it was a wrongful termination of his employment.

The school board reaffirmed appellant's placement on political leave. Appellant then brought this action in District Court alleging that his contract had been illegally and unlawfully terminated. He asks for damages for denial of compensation, denial of his right to seek political office and for undue humiliation and embarrassment as a result of his alleged wrongful termination. The school board filed a plea to the jurisdiction of the court alleging the following grounds:

a) appellant was not employed with a probationary or continuing contract and had not exhausted his administrative remedies.

b) that the school district had not adopted the tenure program under Chapter 13 of the Texas Education Code and appellant had to exhaust his administrative remedies before the school authorities.

c) that appellant alleged a claim under Section 21.904 Texas Education Code and appellant had to exhaust his administrative remedies.

d) that appellant's pleadings raised questions of fact requiring the submission of his action to the Commissioners of Education and appeal to State Board of Education before the District Court could have jurisdiction.

e) that plaintiff's sole contention was a wrongful termination of his contract by an alleged violation of Section 21.904 Texas Education Code when the said statute provided that the Texas Education Agency had the exclusive right to enforce the provisions of Section 21.904.

f) that appellee was not a person as defined by 42 U.S.C., Subsection 1983.

g) that the action was an attempt to recover from appellee for the performance of a governmental function for which there is no liability on the part of the defendant.

The plea to the jurisdiction was in all things sustained. Appellant appeals from such decision insisting that he is entitled to seek his remedy in the District Court.

Appellant's first point of error is that the court erred in sustaining appellee's plea to the jurisdiction in that appellant was entitled to file his lawsuit in the District Court by virtue of Chapter 13, Subdivision C, Section 13.115 Texas Education Code.

Section 13.115 of the Texas Education Code provides as follows:

"(a) If the board of trustees shall order *the teacher discharged* during the school year *under Section 13.109* of this code, the teacher shall have the right to *appeal such action to the commissioner of education,* for review by him, provided notice of such appeal is filed with the board of trustees and a copy thereof mailed to the commissioner within 15 days after written notice of the action taken by the board of trustees shall be given to the teacher; *or, the teacher may challenge the legality* of such action by suit brought in the district court of any county in which such school district lies within 30 days after such notice of the action taken by the board of trustees has been given to the teacher."

In order for appellant to avail himself of the use of this particular section (with the right to file suit in district court), he must have been discharged under Section 13.109. Appellant does not discuss this provision, nor does he attempt to set out which subsection of Section 13.109 under which he should fall. The only subsection applicable to this appellant is subsection 4 of 13.109 which reads as follows:

"Any teacher, whether employed under a probationary contract or a continuing contract, may be discharged during the school year for one or more of the following reasons, which shall constitute lawful cause for discharge: (4) repeated failure to comply with official directives and established school board policy."

Accordingly, in order for the appellant to have come within Section 13.109 he must have been employed under either a *probationary* or *continuing* contract of employment.

█ Sections 13.102 and 13.106 specify what a probationary and continuing contract is. Section 13.102 states what a *probationary contract* is and includes:

"Any person who is employed as a teacher by any school district for the first time, or who has not been employed by such district for three consecutive school years subsequent to August 28, 1967, shall be employed under a 'probationary contract,' which shall be for a fixed term as therein stated; . . ."

Section 13.103 provides for the termination of such Probationary Contract stating:

"The board of trustees of any school district may terminate the employment of any teacher holding a probationary contract at the end of the contract period, if in their judgment the best interest of the school district will be served thereby; provided, that notice of intention to terminate the employment shall be given by the board of trustees to the teacher on or before April 1, preceding the end of employment term fixed in the contract. In the event of failure to give such notice of intention to terminate within the time above specified, the board of trustees shall thereby elect to employ such probationary teacher in the same capacity, and under probationary contract status for the succeeding school year if the teacher has been employed by such district for less than three successive school years, or in a continuing contract position if such teacher has been employed during three consecutive school years."

Section 13.106 of the Texas Education Code provides what a continuing contract is:

"Any teacher employed by a school district who is performing his third, or where permitted fourth, consecutive year of service with the district under probationary contract, and who is elected to employment by the board of trustees of such district for the succeeding year, ·shall be notified in writing of his election to continuing contract status with such district, and such teacher shall within 30 days after such notification file with the board of trustees· of the employing school district notification in writing of his acceptance of the continuing contract, beginning with the school year following the conclusion of his period of probationary contract employment."

The above two sections defining a probationary and continuing contract, however, are limited by Section 13.101 which provides as follows:

"Each teacher hereafter employed by any school district in this state shall be employed under, and shall receive from such district, a contract that is either a *'probationary contract'* or a 'continuing contract' in accordance with the provisions of this subchapter *if the school board* chooses to offer such teacher a 'probationary contract' or a 'continuing contract.' All such contracts shall be in writing, in such form as may be promulgated by or approved by the commissioner of education, and shall embody the terms and conditions of employment hereinafter set forth, and such other provision not inconsistent with this subchapter as may be appropriate."

The first question presented to us is whether or not the appellee school board has adopted such probationary or continuing contracts so that appellant would come within the purview of Section 13.115 previously set out. Both parties cite to us the case of Hix v. Tuloso-Midway Independent School District, 489 S.W.2d 706 (Tex.Civ. App.—Corpus Christi 1972, ref'd n. r. e.) in support of their contention. In this case Hix, a school teacher, brought suit against the school district, its trustees and its superintendent for failure to renew his teaching contract under Section 13.101, V.

T.C.A.Education Code. Hix's suit was based on the fact that he had been employed under either a probationary or continuing contract and that such tenure policy was in force and effect thus entitling him to have his contract renewed. This court held that the statute (Section 13.101) which provide for teachers employed by school districts to receive either a probationary contract or a continuing contract applies *only* to teachers employed after its effective date (1967) and then *only* if school board adopts such tenure plan (Section 13.101).[1] Hix who was already employed under a contract when the act became effective and who was employed by school district that *did not* adopt the tenure plan (Section 13.101) was not entitled to have his contract renewed pursuant to the statute (Section 13.102; 13.103; 13.106). This Court set out a two prong test with the following requirements which we re-affirm:

1) The statute applies only to teachers who are employed after its effective date; and then

2) only if the school board adopts the tenure plan.

Here, appellant meets the first test since he was employed after the effective date (1967). His employment contract was entered into on March 30, 1971. The question remaining is whether there was evidence that the school district adopted the tenure plan authorized by the statute.

The question of how to show that a school district has adopted such tenure program as authorized by Section 13.101 was discussed in Cummins v. Board of Trustees of Eanes Independent School District, 468 S.W.2d 913 (Tex.Civ.App.—Austin 1971, n. w. h.). In Cummins, the court held that the school district had adopted the tenure plan as authorized by Section 13.101. It

based such holding on the following statement:

"By employing teacher under contract *which faithfully tracked statute, school board chose to offer her a probationary contract in terms of statute and was bound thereby.*"

The court went on to say that:

"The new Texas Education Code is not mandatory but must be adopted by each individual school district."

After looking at the employment contract between appellant Garcia and appellee school district, there appears to be no tracking of the statute. There is no similarity in the terms of the contract and those terms which are to be included within either a probationary contract or continuing contract in accordance with Sections 13.101, 13.102, 13.103 and 13.106. We hold that there was no evidence that the school district had adopted the tenure plan.

■ Appellant seems to rely on Ball v. Kerrville Independent School District, 504 S.W.2d 791 (Tex.Civ.App.—San Antonio 1974, ref'd n. r. e.), contending that the Ball case stands for the proposition that the teacher may seek his remedy in the district court or, at his option, pursue his administrative remedies with little importance being placed on whether a probationary or continuing contract was involved. The question presented in the Ball case, however, was whether an action for wrongful termination of an employment contract was a question of law or fact. Therefore, it did not turn on the question of whether the teacher was employed under a probationary or continuing contract. The appellant does not have the right to bring suit in district court under Section 13.115 since Section 13.115 relates only to discharged teachers under Section 13.109 which in turn relates only to the discharge of teachers under

---

I. See Opinion Attorney General 1967, No. M–123, which states that after August 28, 1967, it was discretionary; a school board was given a choice of coming under the new act by adopting the tenure plan set out in the act, or continuing to contract under existing laws. Art. 2891–50 (repealed).

probationary or continuing contracts. Appellant was not employed under either a probationary or continuing contract.

 Appellant's next complaint raises the question of whether his suit for wrongful termination imposes a question of law allowing immediate recourse to the courts, or one of fact requiring appellant to exhaust his administrative remedies. The general rule as to whether an action for wrongful termination of a teacher's contract is a question of law or fact were set out in Ball v. Kerrville Independent School District, supra. The court said:

" . . . no decision, as far as we know, has held that in a case involving the allged wrongful termination of a teacher's contract, immediate recourse to the courts is permissible. In all cases involving the alleged wrongful termination of a teacher's contract, our courts have held that exhaustion of the administrative remedies is a condition precedent to judicial review."

In Farrar v. Colorado Independent School District, 444 S.W.2d 204 (Tex.Civ.App.— Eastland 1969, ref'd n. r. e.), the court went further in stating that:

"It is well settled that an employee of a school district whose contract of employment has allegedly been wrongfully terminated is required to apply to the school authorities for relief before filing his suit in the District Court because the question involved is one of fact. (citations omitted.) Hinojosa v. San Isidro Independent School District, 273 S.W.2d 656 (San Antonio Tex.Civ.App., 1954); Murray v. San Augustine Trustees, 307 S.W.2d 622 (Beaumont Tex.Civ.App., 1957); Daniel v. Dallas Independent School District, 351 S.W.2d 356 (El Paso Tex.Civ.App., 1961, ref. n. r. e.); James v. Board of Trustees, Eagle Pass Independent School District, 376 S.W.2d 956 (San Antonio Tex.Civ.App., 1964);

. . . "

It is clear to us that appellant's action for his alleged wrongful termination of employment contract raised a question of fact. His petition was not directed toward the reasonableness vel non of the school board's policy so as to raise a question of law. Due to all of the circumstances concerning the status of appellant's employment contract with this school district, and since only a question of fact was raised in his petition, the appellant was not entitled to initiate this action in district court without first exhausting his administrative remedies. Appellant's two points of error are overruled.

There is an additional basic reason for which the lower court's judgment must be affirmed. Appellee school district in its first counterpoint contends that the judgment of the lower court dismissing this suit for lack of jurisdiction must be affirmed because the appellant has failed to assign as error or to brief points of error covering the lower court's rulings upon each of the seven (7) grounds upon which the suit was or could have been dismissed for lack of jurisdiction. Appellee's plea of jurisdiction contained seven (7) specific points. The trial court ruled that the appellee's plea "is well taken and should in all things be sustained. . . . "

 The purpose of an assignment of error is to point out and identify the particular ruling or action of the lower court which is contended as constituting reversible error. All rulings and actions of the lower court are deemed waived if specific complaint is not assigned as error on appeal. City of Deer Park v. State, 275 S. W.2d 77 (Tex.Sup.1955). In this particular appeal, there is no argument, authority, statement or point of error directing itself to each of the reasons set forth in defendant's plea to the jurisdiction which was sustained. Therefore, appellant has waived its right to complain of the rulings of the trial court as to these specific reasons. This requires us to affirm the decision of the lower court. Life Ins. Co. of

No. Am v. First Nat. Bank of Ft. Worth, 464 S.W.2d 362 (Tex.Sup.1971). See Hudson v. Buddie's Super Markets, Inc., 488 S.W.2d 143 (Tex.Civ.App.—Fort Worth 1972, n. w. h.). Appellee's counterpoint is sustained.

The judgment of the trial court is affirmed.