The BENAVIDES INDEPENDENT SCHOOL DISTRICT, Isaac Gonzalez, Jr. and Aida G. Garza, Appellants,

v.

Eloy P. GUERRA, Appellee.

No. 04–83–00198–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1984.

Rehearing Denied Nov. 27, 1984.

Herman H. Segovia, Peter Torres, Jr., San Antonio, for appellants.

Raul Garcia, Alice, Abelardo Garza, San Diego, for appellee.

Before BUTTS, TIJERINA and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from an order granting a temporary injunction. The trial court ordered appellants, the Benavides Independent School District (BISD), superintendent of BISD, Isaac Gonzalez, Jr., and president of the school board of BISD, Aida G. Garza, to restore appellee Eloy P. Guerra to the status of full-time principal at full time principal pay, including back pay.

Guerra was a full-time elementary principal with BISD. He had been employed under a series of one year term contracts, the last of which ended June 20, 1981. On March 30, 1981, BISD voted to extend his contract but as a part-time elementary principal with a corresponding reduction in pay. The contract was delivered to Guerra on April 30, 1981. He signed the contract but drew a line through the words "part time" and through the salary figure. Guerra met with the superintendent that same evening protesting the changes.

As a relative of a board member, related within the third degree of consanguinity, Guerra contends that appointment to a different position would violate the nepotism laws of the district and the Texas Education Agency.

Guerra requested a hearing before the school board and was notified by letter of June 10, 1981, from the superintendent that his grievance hearing would be held at the regular meeting of the board on June 16, 1981. The minutes of that meeting reflect no vote was taken by the Board on that date. There was only a discussion of the grievance by the school's attorney. Nonetheless, Guerra received a letter dated July

30, 1981, which stated that the board had decided in its meeting on June 16, 1981, that the only contract offered to Guerra was the one of April 30, 1981. Contrary to this assertion, Guerra was told by the superintendent that the Board had not made a final decision as it was awaiting an Attorney General's opinion on the legal issues.

By form letter sent to all teaching personnel, Guerra was requested to begin work on August 5, 1981. When he received his first paycheck, he discovered his pay level had been reduced to that of a part-time principal. He filed suit in district court in October, 1981, requesting inter alia, the temporary injunction.

In five points of error, the school district argues error in the granting of the injunction because:

(1) Guerra failed to exhaust his administrative remedies.

(2) The granting of the temporary injunction changed the status quo between the parties.

(3) Enforcing the contract was error because the contract was void and against public policy.

(4) Guerra did not file a bond.

(5) The order granting the injunction fails to state the reasons for the injunction.

■ In temporary injunction cases, the only question presented is whether the trial court abused its discretion in issuing or refusing the injunction. *Sun Oil v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

In discussion of its first point of error, BISD concedes that Guerra followed all of the grievance procedures outlined in the policy manual of the school district. However, BISD argues that these procedures are not exhaustive of all available administrative remedies. BISD relies upon section 11.13 of the Texas Education Code which reads, in pertinent part:

(a) Persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of .

trustees or board of education may appeal in writing to the commissioner of education who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

(b) The decisions of the commissioner of education shall be subject to review by the State Board of Education. TEX.EDUC.CODE ANN. § 11.13 (Vernon 1972).

Contrary to the contention of BISD, section 11.13 does not mandate exhaustion of the administrative remedies stated therein. The language used by the legislature is permissive; "any person aggrieved ... *may* appeal in writing to the commissioner of education." BISD ignores the crucial qualification contained in section 11.13(a); "... but nothing contained in this section shall deprive any party of any legal remedy." Section 11.13 affords Guerra a right of appeal to the commissioner of education but, having exhausted those remedies set out in the BISD policy manual, he is entitled to choose to bring suit in court.

■ The general rule established in cases discussing section 11.13 and the earlier statute from which it was patterned is that a party must exhaust all administrative appeals before resort may be had to the courts. However, this general rule applies only when there are questions of fact to be resolved. When the facts are not in dispute, and only a question of law is presented, immediate resort to the courts is proper. *Cook v. Neill*, 163 Tex. 49, 59, 352 S.W.2d 258, 264 (1961); *Mission Independent School District v. Diserens*, 144 Tex. 107, 188 S.W.2d 568, 570 (1945). The Supreme Court in *Cook* discussed this exhaustion exception and held that in some instances even though only questions of fact were involved, the aggrieved party may have an election to appeal to the courts rather than the administrative authorities. *Cook*, 352 S.W.2d at 264–65.

In a proper case, injunctive relief may be granted without exhausting all administra-

tive appeals to the State authorities. *Warren v. Sanger Independent School District*, 116 Tex. 183, 288 S.W. 159, 160 (1926); *Alvin Independent School District v. Cooper*, 404 S.W.2d 76 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ).

BISD relies upon *Trustees of Crosby Independent School District v. West Disinfecting Co.*, 121 S.W.2d 661 (Tex.Civ.App.—Dallas 1933), *writ dism'd w.o.j.*, 135 Tex. 492, 143 S.W.2d 749 (1940); *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r. e.); *Hinojosa v. San Isidro Independent School District*, 273 S.W.2d 656 (Tex.Civ.App.—San Antonio 1954, no writ) for the proposition that administrative remedies must be exhausted. However, in both *West Disinfecting Co.* and *Hinojosa* exhaustion was required because there were questions of fact to be resolved. *Schenker* is inapplicable; it involves a suit against a public utility, and does not involve construction of the Texas Education Code.

In *Board of Trustees of Crystal City Independent School District v. Briggs*, 486 S.W.2d 829 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), the school district attempted to discharge a school superintendent. The court stated:

> Whether or not District was entitled to reassign Briggs under the terms of the contract was one of law urged by the District in defense of Briggs' claim for money. The Commissioner of Education does not exercise judicial power to determine the legality of contracts or the legal rights of parties thereto. Such are matters for the courts to determine under our system of a division of powers of government.

486 S.W.2d at 835.

■ There is another exception recognized in Texas courts to the general rule requiring exhaustion of administrative remedies. Where a school board acts without express or implied statutory authority or in contravention of a statute, then its act is void and a direct appeal will lie to the courts. *Palmer Publishing Co. v. Smith*, 130 Tex. 346, 348, 109 S.W.2d 158, 159 (1937); *Bear v. Donna Independent School District*, 74 S.W.2d 179, 180 (Tex. Civ.App.—San Antonio 1934, writ ref'd).

■ The school board itself argues the illegality of the contract in point of error number three. "Where a school board acts without authority of law and contrary to express statutes, and in such a manner that its act is void, then the Courts ... may be appealed to directly without first exhausting the remedy of appeal to the school authorities." *Bear v. Donna Independent School District*, 74 S.W.2d at 180. Point of error one is overruled.

■ The school district asserts next that the trial court erred in granting the temporary injunction because the injunction changed the status quo between the parties. A temporary injunction is issued to maintain the status quo between the parties pending a final trial of the case on the merits. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (Tex.1953). The status quo is defined as "the last, actual, peaceable, noncontested status which preceded the pending controversy." *Id.* 261 S.W.2d at 553–54.

BISD asserts that the status quo to be preserved was the employment status of Guerra before the suit was filed. BISD does not state exactly what this status was; rather it argues that the position of part-time principal was the "best result" Guerra could have expected and the status of unemployment with BISD "should have been expected."

To accept such an interpretation of the status quo would render the granting of any injunction impossible. If an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists *after* the action. BISD contends that there was a break in employment. The facts do not support this contention.

■ The school board approved a contract for Guerra on March 30, 1981, three

months before his contract expired. He signed this contract on April 30, 1981, after delineating reference to "part-time" principal. For the next five months the parties were in a negotiating posture. Guerra pursued his grievance through the proper school authorities. He received conflicting information from the superintendent. One letter stated that the Board had voted on June 16, 1981, that the April 30, 1981 contract was the only contract he was offered. However, the superintendent told Guerra in August that the Board had not taken any final action as it was awaiting an attorney general opinion on the nepotism question. Guerra was told to report to work on August 5, 1984. Clearly, though the parties may have disputed the terms of Guerra's contract, there was no break in employment. We hold point of error number two to be without merit.

Point of error three raised by BISD states that the trial court erred in enforcing the employment contract between the parties because the contract was void and illegal and against public policy.

The contract asserted as illegal by both parties is the contract to hire Guerra as a part-time principal. The order of the court did not require BISD to enforce this contract. Rather, the court ruled that there had been a violation of the nepotism laws and *enjoined* enforcement of the contract. The injunction directed reinstatement of Guerra as a full-time principal as this was the last, actual, peaceable, noncontested status which preceded the pending controversy.

■ Point of error number four contends that the trial court erred in granting the temporary injunction because Guerra did not file a bond pursuant to Rule 684 of the Texas Rules of Civil Procedure. The filing of a bond is required as a condition precedent to the issuance of a temporary injunction and the failure of the applicant to file such a bond renders the injunction as issued void *ab initio*. *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956); *Nationwide Life Insurance Co. v. Nations*, 654 S.W.2d 860 (Tex.App.—

Houston [14th Dist.] 1983, no writ). However, the fact that a bond was not posted affects only the validity of the *issuance* of the temporary injunction; it has no effect on the validity of the court's order which authorizes the injunction. *See Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970).

■ The school district's fifth point of error attacks the order granting the injunction as defective on its face as it fails to state the reasons for issuing the injunction. This point is overruled as the order of the court substantially complies with the requirements of Rule 683. TEX.R.CIV.P. 683.

The judgment is affirmed. Guerra's request for attorney's fees is denied.

TIJERINA, Justice, dissenting.

I respectfully dissent. The central issue arises out of a dispute over appellee's termination as a full-time principal. He was subsequently offered employment as a part-time principal. Appellee, without exhausting his administrative remedies, filed suit and obtained an injunction against appellants.

The general rule as to whether an action for wrongful termination of a teacher's contract is a question of law or fact was decided in *Ball v. Kerrville Independent School District*, 504 S.W.2d 791, 795 (Tex. Civ.App.—San Antonio 1974, writ ref'd n.r. e.), where the court stated:

> ... [N]o decision, as far as we know, has held that in a case involving the alleged wrongful termination of a teacher's contract, immediate recourse to the courts is permissible. In all cases involving the alleged wrongful termination of a teacher's contract, our courts have held that exhaustion of the administrative remedies is a condition precedent to judicial review.

Thus, it has been held that the wrongful termination of an employee of a school district presents a fact question and the employee or teacher must apply to the school authorities for relief before filing suit in the district court. *See Garcia v.*

*Pharr, San Juan, Alamo Independent School District,* 513 S.W.2d 636, 641 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Farrar v. Colorado Independent School District,* 444 S.W.2d 204, 206 (Tex. Civ.App.—Eastland 1969, writ ref'd n.r.e.); *see also* TEX.EDUC.CODE ANN. § 11.13 (Vernon 1972).

The record reflects that there are questions of fact to be determined by school authorities prior to judicial review. One of the reasons given for the change in the appellee's status as a principal was the number of teachers he supervised. It is undisputed that appellee's sole purpose in seeking relief in the district court was to question his termination as a full-time principal. Therefore, the contract dispute in this case should be submitted for administrative determination. The trial court was clearly without jurisdiction. I would reverse the judgment and remand the cause with instructions that appellee exhaust his administrative remedies.