**CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**BANK OF DALLAS, Appellee.**

No. 05–86–00605–CV.

Court of Appeals of Texas, Dallas

March 24, 1987.

Rehearing Denied April 27, 1987.

Peter Torres, Jr., San Antonio, for appellant.

Charles L. Thoeming, Dallas, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

DEVANY, Justice.

This is an appeal from a summary judgment in a suit on a lease agreement. Crystal City Independent School District leased certain energy management equipment from First Continental Leasing Corporation. On September 14, 1981, Crystal City signed a lease agreement whereby it agreed to make monthly payments of $2,919.69 on the equipment for a term of four years and eleven months. The lease was assigned to appellee Bank of Dallas on December 1, 1981. The school district made payments on the lease until September 15, 1984, when it stopped making payments. Bank of Dallas sued under the lease. At trial, both the bank and the school district moved for summary judg-

ment. The trial court rendered summary judgment in favor of the bank in part for ten monthly payments which were due for part of the then current school year when the payments stopped. The school district appeals. The bank responds and asks that it have full recovery for the balance of the lease.

The school district asserts two points of error; since its first point of error is dispositive of the appeal, we need not address the other. In its first point of error, the school district claims that the trial court erred in rendering summary judgment in favor of Bank of Dallas because the bank's summary judgment proof failed to establish that at the time the claim was contracted and at the time of filing suit, the school district had funds available to cover the claim. We agree as to the first part of their argument, and, accordingly, reverse the judgment of the trial court and remand for a trial on the merits.

■■■ A school district may not enter into a contract with teachers, other employees, or for services or supplies that will cause a deficiency debt against the district. TEX.EDUC.CODE ANN. § 22.08(e) (Vernon 1972). An earlier case held that if a school district does enter into such a contract, the contract is void. *Crow v. Burnet Independent School District,* 304 S.W.2d 439, 443 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.). In order to recover on a claim based on a contract with a school district, the plaintiff must allege and prove that, at the time the claim was contracted, funds were legally available to the school district to pay the claim. *Trustees of Crosby Independent School District v. West Disinfecting Co.,* 121 S.W.2d 661, 664 (Tex.Civ.App. —Dallas 1938), *writ dism'd,* 135 Tex. 492, 143 S.W.2d 749 (1940). However, if a school district enters into a contract conditioned upon the later availability of funds, and those funds later become available, the contract then becomes valid. *Eldorado Independent School District v. Becker,* 120 S.W.2d 476, 477 (Tex.Civ.App.—Austin 1938, writ dism'd). Furthermore, if the school district allocates the funds for a contract, but later exhausts the funds for other purposes, the contract will remain valid even if the funds are not available at the time of suit. *National Surety Corporation v. Friendswood Independent School District,* 433 S.W.2d 690, 693–94 (Tex.1968). Therefore, we disagree with the part of Crystal City's point of error which states that the trial court erred in granting judgment for Bank of Dallas because the bank did not plead and prove that funds were available to pay the claim at the time of filing suit. Bank of Dallas had only to prove that funds were allocated to make the lease payments either at the time of contracting, or, if the contract was conditioned upon funds later becoming available, that funds were later allocated for the particular period for which the bank was suing. Therefore, in order for Bank of Dallas to have prevailed on its motion for summary judgment, it was necessary for the bank to prove that the school district had allocated funds for the period of the lease for which the bank was seeking recovery. Bank of Dallas did not do this. Bank of Dallas' petition does not state that the school district had allocated funds for the lease period. Bank of Dallas' motion for summary judgment also fails to include allegations or proof that funds were allocated for the period in question.

We have carefully examined the record to determine whether there is any support for the trial court's judgment in favor of Bank of Dallas for ten more payments in the current school year when the payments stopped. We have found none. Bank of Dallas has offered no proof that Crystal City had allocated funds for any year of the lease term in question. In fact, the only evidence we have of the allocation of funds for the lease payments is found in the affidavits attached to Crystal City's motion for summary judgment. However, those affidavits, by Rudy Espinoza, the superintendent of Crystal City, are not clear as to exactly what school years were covered by allocated funds. In his affidavit dated October 15, 1981, he states that funds had been allocated for the lease payments due through the fiscal year ending August 31, 1982. However, in another af-

fidavit dated March 13, 1986, Espinoza stated:

> We had monies available and appropriated monies for the first year of the units and similarly for 1982, 1983, & 1984. We anticipated having monies available in subsequent years, however, we did not appropriate funds after January 1985, and did not and have not had funds available from any source since January 1985, to make lease payments.

As we stated earlier, the school district stopped making the lease payments as of September 15, 1984. We are unable to determine from Espinoza's affidavits whether funds for the lease payments were available only through August 31, 1984, or through December 31, 1984, or through June 30, 1985. Any construction presents a problem. In its judgment, the trial court held that Crystal City was liable to Bank of Dallas for ten lease payments which remained unpaid for the fiscal year beginning in July 1984 and ending in June 1985. Therefore, we are presented with three types of "years", to wit: a fiscal year ending on August 31st, a calendar year, and a fiscal year ending June 30th. We are unable to find any evidence in the record that the school district had appropriated funds for the ten months ended June 30, 1985. Accordingly, we reverse the judgment of the trial court and remand for a trial on the merits. Crystal City's first point of error is sustained.

In their cross-point of error, Bank of Dallas contends that it should be awarded judgment for the entire balance of the lease payments. We disagree. Since the evidence before the judge could not sustain the judgment awarded below for ten of the lease payments, that evidence is also obviously insufficient to sustain a judgment for Bank of Dallas for the entire balance of the lease payments. Bank of Dallas' cross-point of error is overruled.

If, however, upon remand Bank of Dallas pleads and proves that Crystal City did allocate funds for the lease period sued upon, then the contract will be valid and, if other essential elements are proven, Bank of Dallas will be entitled to judgment for the balance of the period for which such funds have been allocated. *See Trustees of Crosby Independent School District,* 121 S.W.2d at 664.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.