## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 27, 2010

The Honorable Yvonne Davis
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0813

Re: Whether parents may use the services of an advocate in dealing with matters of their child's education (RQ-0871-GA)

Dear Representative Davis:

You write to inquire generally "whether school districts can prohibit a parent from having an advocate to act on their behalf on matters pertaining to their child's education."[1] You appear to use the term "advocate" as a term with a particular meaning, yet there is no definition of the term in your letter. See id. Similarly, you do not provide any context for your question, nor do you ask us to opine about the scope of any particular statute.[2] See Request Letter at 1. Accordingly, we can advise you only generally.

We find only one provision in the Education Code that uses the noun "advocate" in the context of parental involvement in their child's education. See TEX. EDUC. CODE ANN. § 29.306 (West 2006). Without defining the term "advocate," section 29.306 of the Education Code provides that "a student who is deaf or hard of hearing must have an education in which the student's parents . . . and advocates for the student's parents . . . are involved in determining the extent, content, and

---

[1]Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]You offer a provision of the Education Code and a Texas Education Agency ("TEA") rule as examples of "proactive provisions" that encourage parental participation in their child's education. Request Letter at 1; see also TEX. EDUC. CODE ANN. § 29.005 (West 2006); 19 TEX. ADMIN. CODE § 89.1050(c)(1)(F) (2010) (TEA, The Admission, Review, and Dismissal (ARD) Committee). Both section 29.005 and the TEA rule pertain specifically to education for children with disabilities under the federal Individuals with Disabilities Education Improvement Act (IDEA). See TEX. EDUC. CODE ANN. § 29.001 (West 2006) (requiring development of a statewide plan for the delivery of services to children with disabilities that includes rules for a "special education program so that a free appropriate public education is available to all of those children between the ages of three and 21"); 19 TEX. ADMIN. CODE § 89.1001 (2010) (TEA, Scope and Applicability) (providing that "[s]pecial education services shall be provided to eligible students in accordance with all applicable federal law . . . and the State Plan Under Part B of the Individuals with Disabilities Education Act"); see also 20 U.S.C.A. § 1412(a)(1)(A) (West 2010) (providing that a state is eligible for funding assistance for a fiscal year if the state submits a plan assuring that the state complies with IDEA provisions). Because neither provision uses the term "advocate," and because we do not understand you to ask about the IDEA, we do not address these provisions in depth.

purpose of programs." *Id.* This provision expressly provides that parents may have an "advocate" involved in the education of their deaf or hard-of-hearing child. *See id.* Accordingly, a school district may not prohibit a parent from having an advocate within the scope of section 29.306. *Cf. Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 249 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) (recognizing that a school board's act done in contravention of a statute is void).

None of the briefing we received raised a relevant state law provision, and we find no provision in the Education Code that expressly authorizes a school district either to allow or prohibit an advocate for all purposes. We thus cannot opine on the authority of a school district with respect to a parent's use of an advocate in all circumstances. *Cf.* Tex. Att'y Gen. Op. No. JM-1267 (1990) at 7–8 (declining to answer speculative question).

Briefing we received from the TEA advises that the IDEA's guarantee of a free appropriate public education for children with disabilities includes the development of an individualized education program ("IEP").[3] *See also* 20 U.S.C.A. §§ 1400(d) (West 2010) (providing purposes of IDEA), 1414(d) (providing for individualized education program); 34 C.F.R. § 300.323(c) (2009) (When IEPs must be in effect - Initial IEPs; provision of services); 19 TEX. ADMIN. CODE § 89.1001 (2010) (TEA, Scope and Applicability) (providing for special education services in accordance with applicable federal law). In general, an IEP is designed by a team of participants that includes, "at the discretion of the parent or the [school district], other individuals who have knowledge or special expertise regarding the child." 20 U.S.C.A. § 1414(d)(1)(B)(vi) (West 2010); 34 C.F.R. § 300.321(a)(6) (2009) (IEP Team); *see also* 19 TEX. ADMIN. CODE § 89.1050(c)(1)(F) (2010) (TEA, The Admission, Review, and Dismissal (ARD) Committee) (providing for an ARD Committee as the individualized education program). The TEA's brief suggests this individual with specialized knowledge or expertise is an "advocate" within the scope of your question. *See* TEA Brief at 1. Though you do not ask our opinion about this specific provision, we nevertheless advise that we believe a school district may not prohibit a parent from inviting a person with "knowledge or special expertise regarding the child" to participate in the development of their disabled child's IEP. *See* 20 U.S.C.A. § 1414(d)(1)(B)(vi) (West 2010); 34 C.F.R. § 300.321(a)(6)(2009); *see also* 19 TEX. ADMIN. CODE § 89.1050(c)(1)(F) (2010) (TEA, The Admission, Review, and Dismissal (ARD) Committee) (providing for an ARD Committee as the individualized education program); *see also Benavides Indep. Sch. Dist.*, 681 S.W.2d at 249 (recognizing that a school board's act done in contravention of a statute is void).

You also ask whether a "legislative remedy [is] necessary for granting the use of an advocate in every circumstance that a parent may face with regard[] to their child's education[.]" Request Letter at 1. To the extent the Legislature seeks to expressly permit or prohibit the involvement of an "advocate" in particular circumstances, other than those discussed herein, a legislative remedy may be necessary.

---

[3]Brief from Mr. David Anderson, General Counsel, TEA, at 1–2 (Apr. 20, 2010) [hereinafter TEA Brief].

## S U M M A R Y

A school district may not prohibit a parent from having an advocate as authorized by section 29.306 of the Education Code. Similarly, a school district may not prohibit a parent from inviting an individual with specialized knowledge or expertise to participate in a disabled child's individual education program pursuant to the Individuals with Disabilities Education Act.

To the extent the Legislature seeks to expressly permit or prohibit the involvement of an "advocate" in particular circumstances, other than those discussed herein, a legislative remedy may be necessary.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee