**H. PETREY, d/b/a Petrey & Sons,
Appellant,**

v.

**JOHN F. BUCKNER & SONS, Appellee.**

No. 3277.

Court of Civil Appeals of Texas.

Waco.

June 16, 1955.

Rehearing Denied June 29, 1955.

Jerome H. Parker, Jr., Fort Worth, for appellant.

William Roy Anderson, Cleburne, for appellee.

HALE, Justice.

The parties will be referred to here as they were in the trial court. Plaintiff sued for damages on account of the alleged breach of a written contract. He set forth a verbatim copy of the contract in his trial petition. Defendant answered with a general denial, a plea that the contract sued

upon was entered into as the result of a mutual mistake, that it did not contain the entire agreement of the parties, and that plaintiff had been released from the contract at his request and had voluntarily abandoned any right he might have acquired under the same.

The case was submitted to a jury on special issues. After the jury had returned its verdict the plaintiff and defendant each moved the court to render judgment in his favor on the findings of the jury. The court overruled the motion of plaintiff, granted the motion of defendant and rendered judgment accordingly. Plaintiff predicates his appeal on the contention that the findings of the jury fail to establish defendant's plea of mutual mistake and that such findings establish plaintiff's right to judgment in his favor for the sum of $5,835.52.

The pleadings and evidence show that defendant was under a contract with the U. S. Government to do certain work on what was known as the Benbrook Dam project in Tarrant County, including the construction of roads and the placing of road base gravel on said roads in accordance with specifications prepared by the U. S. Corps of Engineers. On February 6, 1953, plaintiff wrote a letter to defendant in which he proposed in substance to furnish all equipment, labor and supplies necessary to load and haul the amount of road base gravel required under defendant's contract with the Government from the gravel pit on the Government-owned property for fifty cents per cubic yard, such work to be done in accordance with the specifications of the Government Engineers. This proposal was accepted by the signature of defendant affixed to the letter.

Defendant testified fully and in detail to the facts alleged in his answer. According to his pleadings and testimony, plaintiff made application to him for the job of loading and hauling the base material required on the road job; at that time defendant explained to plaintiff that he had not located a pit from which the road base material could be obtained and thereupon plaintiff advised defendant that he was familiar with the area, had hauled gravel from the Government-owned property and that he could and would locate a pit on the property that would produce gravel to meet the specifications of the U. S. Engineers; before the written contract sued upon was entered into, plaintiff went upon the property, inspected the same and represented to defendant that he had located on the reservation a pit from which gravel could be produced that would be suitable for, acceptable to, and meet the specifications of the Corps of Engineers for use as road base material; and believing such representations to be true and relying upon the same, he accepted the written proposal of plaintiff to load and haul the road base material; after the contract had been entered into it was discovered that the road base material which could be produced from the Government-owned property would not meet the specifications of the U. S. Engineers. Defendant further testified that after he and plaintiff had made repeated but unsuccessful efforts to locate a suitable gravel pit on the Government-owned property, he agreed at the request of plaintiff to release him from his agreement on or about March 24, 1953.

Relevant to the pleaded issue of mutual mistake, the jury found that plaintiff and defendant believed there was gravel in the reservoir area at Benbrook that would meet the U. S. Engineers' specifications, in its natural state, prior to or at the time of the signing of the written contract between them; that plaintiff and defendant would not have made the written contract if they had not believed there was gravel in the reservoir area that would meet the U. S. Engineers' specifications, in its natural state; and that there was not gravel on the reservoir area at Benbrook at the time of signing of said contract that would meet the U. S. Engineers' specifications, in its natural state.

As a general rule, a mutual mistake as to a material fact is a ground for avoiding a contract. 10 T.J. p. 104, Sec. 60 and authorities. But, in order that a

party to a written contract may be relieved from liability on the ground of a mutual mistake of fact, the mistake must relate to the subject matter of the contract and not to a matter that is merely collateral or incidental to the contract. See: 10 T.J. p. 90, Sec. 53 and authorities; 12 Amer. Jur., p. 618, Sec. 126 and authorities; 17 C.J.S., Contracts, § 144(a), p. 499 and authorities.

■ The subject matter of the written contract involved in this case was the agreement on the part of the plaintiff to load and haul the quantity and kind of road base gravel required under defendant's Government contract from the designated gravel pit on the Government-owned property, and the agreement on the part of the defendant to pay plaintiff for such loading and hauling at the rate of fifty cents per cubic yard. According to the findings of the jury, plaintiff and defendant believed it was possible for plaintiff to perform his part of the agreement, but they were both mistaken in their mutual belief because the quantity and kind of road base gravel which plaintiff had agreed to haul did not, in fact, exist on the Government-owned property. Therefore, under the pleadings, evidence and findings of the jury, we hold that the plaintiff and defendant are each relieved from any liability to the other by reason of the written contract here sued upon because the contract was entered into as the result of a mutual mistake of a material fact which related to the subject matter and essence of the contract. Edwards v. Trinity & B. V. Ry. Co., 54 Tex. Civ.App. 334, 118 S.W. 572 (er. den.); St. Louis-Southwestern Ry. Co. of Texas v. Johnston, 58 Tex.Civ.App. 639, 125 S.W. 61 (er. den.); Means v. Limpia Royalties, Tex.Civ.App., 115 S.W.2d 468 (er. dis.).

Furthermore, without reference to the general issue of mutual mistake, we cannot say as a matter of law that the findings of the jurors on the other issues submitted to them established plaintiff's right to the recovery sought by him. The jury found that plaintiff moved his equipment to the Benbrook job in compliance with instruc-

tions from defendant of February 9, 1953 and kept it there until March 28, 1953, with the reasonable expectation that he would be compensated for the same; that the reasonable rental value of such equipment was $3,725 per month; and that plaintiff could have put his equipment to profitable use on other jobs or in other places during the time he kept it on the Benbrook job. The jury made some further findings on issues which were improperly submitted over the timely objections of defendant. But, regardless of whether the reasonable rental value of plaintiff's equipment from February 9th to March 28th was or was not the correct legal measure of the damages recoverable by him, if any, there is no finding or combination of findings by the jury which show a breach by defendant of any obligation imposed upon him under the terms of the written contract sued upon. Before plaintiff was entitled to recover any damages on account of the alleged breach of the written contract, it was necessary for him to establish the fact that defendant had breached the contract, and this he failed to do.

Finding no reversible error in the judgment of the court below, it is affirmed.