**Robert L. NEWELL, Jr., Appellant,**

v.

**L. G. MOSLEY et al., Appellees.**

**No. 573.**

Court of Civil Appeals of Texas, Tyler.

June 24, 1971.

Rehearing Denied July. 22, 1971.

Wright & Barber, William A. Barber, Jr., Grand Prairie, for appellant.

Eades & Eades, Eric Eades, Jr., Dallas, for appellee L. G. Mosley.

MOORE, Justice.

Appellant, Robert L. Newell, Jr., instituted this suit against appellee, L. G. Mosley, for breach of a contract to build a house. Appellant also sued his architect, Floyd C. Lay, for negligence in the preparation of the plans and specifications for the house. After appellant had rested his case, on motion of appellees, the trial court withdrew the cause from the jury and rendered a take-nothing judgment against appellant. This appeal resulted.

The material facts appear to be without dispute. Appellant Newell was a disabled war veteran and as such was entitled to a $10,000.00 cash grant from the United States Government for assistance in building a home under the provisions of Title 38, Chapter 21, United States Code, and the rules and regulations provided by the Veterans Administration. Appellant made application for such a grant and the Veterans Administration advised him as to the procedure required. First, he was to locate a lot to his liking and to secure an option to purchase the same; next, he was to de-

sign preliminary plans and specifications for the house and was to submit the same to the Veterans Administration for approval. Upon approval of the preliminary plans, he was required to prepare the final plans and specifications and transmit them to the Veterans Administration; he was then required to secure the names of three prospective builders who were interested in submitting a bid for the construction. Appellant complied with this procedure and in so doing employed appellee, Floyd C. Lay, to assist him in preparing the plans and specifications. After the final plans and specifications had been submitted, appellant submitted the name of appellee, L. G. Mosley, to the Veterans Administration as one of the prospective builders. Mosley submitted a bid. After all the bids had been submitted, the Veterans Administration advised appellant that appellee Mosley was the low bidder. Appellant contacted Mosley and they discussed the job. Thereafter, the Veterans Administration prepared a written agreement for the building of the house which was subsequently executed by appellant and Mosley. Under the terms of the agreement, the option to buy the lot was assigned to Mosley. The contract was for a "turn key" job to the purchaser.

Shortly after the contract had been executed, Mosley went upon the lot in question preparatory to commencing construction. While on the lot, he discovered for the first time that there was a mistake in the plans. He discovered that the house could not be constructed within the dimensions of the lot after allowing for a setback as required by the city ordinance of the City of DeSoto. Upon investigation it was determined that the architect had made a mistake in plotting the width of the lot. His drawing showed the width of the lot as 196.6 feet whereas it was only 188 feet. Had the width been 196.6 feet, the lot would have accommodated the structure, but being only 188 feet, the house was too large to fit within the lot after allowing for the set-back requirements. To remedy the situation, an alteration in the house plan would have been required resulting in an additional construction cost of approximately $1,500.00. Mosley notified appellant of the situation and he refused to pay the additional amount. Instead, appellant secured an option upon another lot situated in a different area and initiated a new application to the Veterans Administration for another loan. The building contractor on that house, however, became ill before the final agreement was consummated and appellant did not build the house, but later bought another house under the Veterans Administration grant.

Appellee, Floyd C. Lay, the architect, admitted that he made the mistake. It is undisputed that none of the parties had any knowledge of the mistake until it was discovered by Mosley. Both Mosley and appellant testified that they would not have entered into the contract had they known of the mistake.

◼ By the first point of error, appellant urges that the trial court erred in withdrawing the case from the jury and rendering judgment in favor of appellee L. G. Mosley. He argues that even though there was a mistake in the plans, Mosley nevertheless had a duty to investigate and determine whether the house could be built on the lot before signing the contract. Therefore he contends that the evidence raises a fact issue upon whether Mosley exercised ordinary care in discovering the mistake. In reply, Mosley takes the position mutual mistake was shown as a matter of law and that he was under no duty to investigate facts represented to him by appellant. We agree with Mosley's contention and affirm the judgment exonerating appellee, Mosley, from liability on the contract.

In 13 Tex.Jur.2d, Contracts, p. 476, sec. 252, it is stated:

"Mutual mistake as to a material fact constitutes a proper ground for avoiding a contract. Where the parties to a contract have contracted in ignorance or in mistake of a fact that is material and essential to the formation of the agree-

ment, and where the mistake injuriously affects the rights and interests of one of them, equity will grant relief. * * *"

In 13 American Jurisprudence 2d, Contracts, p. 101, sec. 107, the rule is stated:

"A mutual mistake of fact by the parties to a building or construction contract may be a ground for rescinding the contract, * * *"

The subject matter of the written contract was for the building of a house of specified dimensions upon the lot supplied by the appellant. According to the undisputed testimony, both parties entered into the contract believing in good faith that the house in question could be erected upon the lot. The plot plan prepared by the architect showed that the house could be built on the lot and there is nothing in the evidence placing Mosley on notice of the mistake. Both Mosley and appellant admitted that neither of them had any knowledge of the architect's mistake. Thus, the parties acted upon the mutual assumption and mistaken belief that the lot was of the size represented on the plot plan. The mistake would have been injurious to the rights of Mosley because had he undertaken to complete the contract he would have had to expend $1,500.00 in addition to the contract price. In view of the undisputed facts, we hold that the evidence was sufficient to show a mutual mistake of material fact, as a matter of law, thereby giving Mosley an equitable right of rescission. 13 Tex.Jur.2d, p. 476, sec. 252; Petrey v. Buckner, 280 S.W.2d 641 (Tex.Civ.App., Waco, 1955, writ ref., n.r.e.).

■ Appellant insists, however, that even though a mutual mistake existed, Mosley was not entitled to judgment because he says there is evidence raising the issue of negligence on the part of Mosley in failing to determine whether the house could be placed on the lot thereby preventing his right of rescission.

In 17A C.J.S. Contracts § 329, p. 294, we find this rule:

"Subject to some exceptions, if a party furnishes specifications and plans for a contractor to follow in a construction job, he thereby impliedly warrants their sufficiency for the purpose in view, particularly if the party furnishing the plans is the owner, * * *"

The record shows conclusively that the parties contracted with reference to the plans and specifications prepared by appellant's agent, Lay. On paper, the plot plans showed that the house could be constructed within the dimensions of the lot after allowing for the set-back required by the city ordinance. Appellee Mosley was not an architect or an engineer or surveyor. He acted on appellant's implied warranty that the plans and specifications were sufficient for the purpose in view. Consequently, we do not believe Mosley had the duty of making an independent investigation prior to executing the contract and determining whether the plans and specifications submitted by appellant were correct and that the house would, in fact, fit within the lot. The plans submitted by appellant constituted positive assertion that the house could be constructed on the lot. Consequently, appellant made a representation upon which Mosley had a right to rely without an investigation. City of Dallas v. Shortall, 131 Tex. 368, 114 S.W.2d 536; 166 A. L.R. 925, 952. Since no duty existed, Mosley would not be guilty of negligence in failing to investigate. Brewer v. Ross, 290 S.W. 781 (Tex.Civ.App., El Paso, 1926).

■ By his second point, appellant urges that the trial court erred in granting appellee, Floyd C. Lay's motion for directed verdict. We sustain this contention. Appellee, Lay has not favored us with a brief in his behalf. He admitted in his testimony that he made the mistake giving rise to this controversy. We agree with appellant's argument that Lay's admission of the mistake was sufficient to raise jury issues with respect to negligence, proximate cause and damages on the part of the architect, Lay. Such questions should have

been submitted to the jury. It follows that the judgment denying appellant any relief against appellee, Floyd C. Lay, must be reversed and remanded for trial. In all other respects, the judgment is affirmed.

Affirmed in part and reversed and remanded in part.