The CITY OF BAYTOWN, Appellant,

v.

BAYSHORE CONSTRUCTORS,
INC., Appellee.

No. 17754.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1980.

Rehearing Denied Feb. 5, 1981.

Randall Strong, Houston, for appellant.

Spiller, Spiller & Roberts, W. Gibbs Spiller, C. Ed Carrithers, Houston, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from a judgment awarding appellee compensation for extra work caused by the failure of appellant to provide adequate plans and specifications on an underground construction contract.

On February 5, 1973, appellant (Baytown) and appellee (Bayshore) entered into a contract under which Bayshore was to construct certain underground sewer lines. Under the terms of the contract, Bayshore

was to complete the construction within 150 calendar days. It was completed in 522 days.

During construction, problems arose which required modifications to the original plans and specifications. The contract contained provisions whereby Bayshore could be required to perform extra work to accomplish changes, alterations or additions to the work required by the original plans and specifications. Another paragraph of the contract provided for a procedure which Bayshore was to follow if it claimed extra compensation because of the change or alteration. This paragraph also contained a formula for determining the amount of compensation Bayshore was to receive for extra work. The procedure was used at least once and according to the testimony of an employee of Bayshore, that company attempted to use it on other occasions, but the engineer refused to acknowledge the claims. After the job was completed Bayshore submitted a claim to Baytown for extra work in the amount of $312,411.47, which claim was denied. Bayshore then sued, claiming that the city's failure to provide adequate plans and specifications constituted a breach of the contract and that it was entitled to damages caused by the breach. Baytown claims that the changes were minor, that they were contemplated by the contract, and that Bayshore is thus precluded from recovering for extra work because it did not comply with the procedure called for in the contract.

The jury found that: (1) Baytown failed to provide adequate plans and specifications as were necessary to carry out the work called for in the contract, (2) as a result of such failure, Bayshore was required to do extra work, (3) the change orders actually made on the project were not adequate to compensate Bayshore for the extra work, (4) $178,238.00 would adequately compensate Bayshore for the extra work, (5) but for the inadequate plans and specifications, Bayshore could have timely completed the work required by the contract, and (6) none of the delay was caused by Bayshore.

There are two main issues for our determination: (1) whether special issue No. 1, which asked if the plans and specifications were inadequate, should have been submitted at all, and, if so, whether it was submitted in proper form, and (2) whether certain summaries of records were properly admitted into evidence. The judgment will be reversed because the summaries of the records were improperly admitted and without the evidence contained therein there is insufficient evidence to support the answer regarding the amount of damages.

Special Issue No. 1 and the answer given are as follows:

Do you find from a preponderance of the evidence that the City of Baytown failed to provide adequate plans and specifications as were necessary to carry out the work called for in the contract? Answer: We do or we do not.

Answer: We do.

You are instructed that the term "adequate plans and specifications" as defined in this charge, is to mean plans and specifications as were necessary to carry out the work called for in the contract.

Appellant has made three allegations of error concerning the submission of this issue: (1) the issue should not have been submitted, because as a matter of law Bayshore was bound by the contract to submit his claim for extra compensation in accordance with the terms of the contract, (2) there is no evidence or insufficient evidence that Bayshore's claims for extra compensation were properly submitted in accordance with the terms of the contract, and (3) the issue was improperly submitted and the court erred in refusing to submit the issue tendered by appellant.

■ The failure of an owner to provide correct or adequate plans and specifications as are necessary to carry out the work required by a contract constitutes a breach of the contract and the contractor is entitled to recover its damages resulting from the breach. *Board of Regents of the University of Texas v. S. & G. Construction Co.*, 529 S.W.2d 90 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). It has also been held

that when an owner breaches a building contract it relinquishes its contractual procedural rights concerning change orders and claims for additional costs. *North Harris County Junior College District v. Fleetwood Construction Co.*, 604 S.W.2d 247 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd, n. r. e.). Appellant does not attack the factual or legal sufficiency of the evidence to support the jury's finding that there was a breach of contract. The first two contentions are overruled.

■ Appellant's next point complains of the form of the Special Issue No. 1. While this point may have some merit, we do not find that the form of the submission constituted harmful error. The issue asked the jury to decide whether appellant failed to provide adequate plans and specifications as were necessary to carry out the work in the contract. The instruction given in connection with this issue defined "adequate plans and specifications" as "plans and specifications necessary to carry out the work called for in the contract." This instruction used the phrases in the issue to define the words used therein and thus added nothing. There was no limitation made to the phrase "plans and specifications," so it could be assumed that the phrase would encompass all plans and specifications furnished, including those used to modify the originals. While the issue and the instruction are not approved, the error, if any, was harmless.

■ Appellant next contends that the trial court erred in admitting into evidence the summaries of extra work performed by appellee because the summaries were based on hearsay. This point is sustained. Appellee contends that error, if any, is not preserved because appellant's objection was a general one. Appellant's objection was lengthy and urged that the records did not segregate extra work from normal work, the summaries were not summaries of the records kept, they were not properly predicated by showing that Bayshore ever performed the work outside the contract, and that they were purely self serving. The court granted appellant a "running objection" to all of the summaries. We hold that

the objection preserved error. The summaries as introduced did not merely summarize the underlying records; they also incorporated information which was not included in the underlying records.

Summaries of records are admissible when: (1) the underlying records are so voluminous that it would be impractical to submit them or read them to the jury, (2) the underlying records are admissible, and (3) the records are brought into court or made available to the opposing parties. In our case the three requirements above were met. The underlying records were stipulated by the parties to be admissible under Art. 3737e, V.A.T.S. they were voluminous and they were produced in court at the trial. However, *Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex.1976) placed another restriction on the admissibility of summaries: that they not be based on statements and opinions of others. In our case the underlying records consisted of the engineer's work reports and Bayshore's time sheets. To prepare the summaries which were introduced, Mr. Everett Phelps, a former employee of Bayshore, testified that he relied on the records, his own knowledge, plus the oral information given by three employees to tell him what was regular work and what was extra work; he then determined the cost of the extra work by multiplying the total cost by 30%. This figure was then placed on the summary which was introduced. He testified that he arrived at the 30% figure "by talking with everyone at Bayshore" and with persons employed by engineering firms not connected with the lawsuit. Since the summaries prepared by Mr. Phelps incorporated the opinions of employees and outside engineers, they were hearsay and inadmissible. *Black Lake Pipe Line Co. v. Union Construction Co., Inc., supra.*

■ The summaries and the testimony of Mr. Phelps, based on the summaries, constituted all of the evidence presented by appellee on the issue of damages. Since the evidence was hearsay it is without probative force and will not support a verdict.

*Aetna Ins. Co. v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959).

Since appellee's proof of damages was defective rather than non-existent, the cause will be reversed and remanded rather than reversed and rendered. *Black Lake Pipe Line v. Union Construction Co., Inc.,* supra.

Reversed and remanded.