**CITY OF SAN ANTONIO and City Water Board, Appellants,**

v.

**Dee FORGY d/b/a Forgy Construction Company, Appellee.**

**No. 04–88–00092–CV.**

Court of Appeals of Texas, San Antonio.

March 22, 1989.

Rehearing Denied April 26, 1989.

R. Gaines Griffin, Elizabeth Lindell, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellants.

Albert M. McNeel, John K. Boyce, III, McCamish, Martin, Brown & Loefler, San Antonio, for appellee.

Before BUTTS and CARR, JJ., and CHADICK, Assigned Justice.*

## ON APPELLEE'S MOTION FOR REHEARING

T.C. CHADICK, Assigned Justice.

Reconsideration of the basis of the original opinion delivered February 15, 1989, has been given careful consideration. As is often true, the basis of the decision is not entirely free of doubt. The conclusions stated are thought to be in harmony with established precedent and control disposition of the case.

Advantage is taken of the motion for rehearing to restate with greater accuracy the factual record and the original opinion is amended to that end. The amended opinion is ordered substituted for the original and the motion for rehearing is overruled.

Appellee and plaintiff in the trial court, Mr. Dee Forgy, a contractor, sued the appellant and defendant, City of San Antonio, Texas. Plaintiff's trial pleading alleged negligence, gross negligence, misrepresentation, breach of a duty of good faith and fair dealing, and breach of contract as grounds of recovery. Defendant answered by general and specific denials, and affirmatively pled negligence and contributory negligence on the part of plaintiff, as well as governmental immunity.

Thirteen special issues were submitted for jury determination. Both parties moved the court to disregard specific but different jury findings and for judgment on the jury's response to issues each left unchallenged and the City moved alternatively for judgment non obstante veredicto. All such motions were overruled by the trial judge. But the judgment entered recited that judgment was rendered on the jury verdict and awarded Mr. Forgy a recovery of $341,744.64 with both pre- and

* Assigned by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

post-judgment interest, costs, etc. The facts, pleading and trial procedures will be recited in necessary detail as discussion proceeds.

Mr. Forgy, as prime contractor, entered into an agreement with the City, acting by and through its Water Board, to drill and complete a water well, known in the record as Lackland 6A. Besides the provisions of the written instrument signed by the parties, terms of the contract are found in numerous documents referred to therein and plans and specifications attached. The documents referenced included the Invitation and Instruction to Bidders, the Proposal, the Performance and Payment Bonds, the General Conditions of the Contract, the Special Conditions of the Contract, the Construction Specifications, the Standard Drawings, Addenda, and Change Orders.

In addition to advertising for bids, the City especially invited some half-dozen contractors to bid, including Mr. Forgy and Mr. Thomas Johnson. Mr. Forgy's bid was accepted by the City, and he subcontracted the actual work to Johnson Wells Service, Inc., hereafter referred to as Johnson, which was operated by the mentioned Mr. Thomas Johnson. Mr. Forgy and Mr. Johnson had extensive experience in drilling water wells for the City and there was a long acquaintanceship, previous business dealing, and respect between them and the City's representative handling the well project.

Mr. Forgy's performance under the well contract was without question or incident until it was nearing contractual completion when metal casing was being set and the casing ruptured in the process. Immediate effort by Johnson to save the well or salvage the casing proved futile and it was abandoned and another well drilled and completed some fifteen feet distant from the original. Mr. Forgy claimed $406,876.00 additional expense attributable to the contract. He requested the City to issue a change order for that sum as extra work expense under the provisions of the contract and thereby authorize the additional expense and its payment. The City denied Mr. Forgy's request.

The points of error, counter-points and cross-points of the parties will be discussed out of regular order. The City's second point of error questions the application of good faith and fair dealing as a theory of tort action in this case. This contention will be examined from the standpoint of Mr. Forgy's second counter-point which states affirmatively that the trial court properly entered judgment for him for breach of this duty by the City under an implied covenant in this respect.

In a pre-bid conference attended by Mr. Thomas Johnson and Mr. Forgy's son, as his father's representative, and other prospective bidders, one such bidder called attention to the probability that the wall of the specified casing was "too thin." This prospective bidder testified that a few days afterwards, in a telephone conference, one of the City's representatives stated a contractor could install the size he found necessary.

Following the conference, the City's engineers made additional calculations that revealed vulnerability to casing collapse in the cementing phase. The City's project director decided to proceed with the bidding on the basis of the plans and specifications furnished to the bidders and to make any necessary allowance for heavier casing by a change order under the provisions of the contract if the successful bidder used casing heavier than specified.

The jury, in response to two issues, found the City breached a duty of good faith and fair dealing by not telling Mr. Forgy of the result of the after-conference recalculation and that the breach of that duty caused Mr. Forgy to do extra work for which he should be compensated under the contract.

RESTATEMENT (SECOND) OF THE LAW OF CONTRACTS § 205 (1981) lays down the broad rule that: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." The language of the Restatement rule is limited by comment and illustration that accompany and interpret it. These limitations are essentially a summarization of case law from various

jurisdictions channeling the operation and purpose of the good faith and fair dealing cause of action.

The majority opinion in *English v. Fischer*, 660 S.W.2d 521 (Tex.1983), rejected an implied covenant of good faith and fair dealing as an obligation in all contracts as a novel theory of law originating in California courts. The conclusion is expressed that adoption of the theory would abolish the Texas system of government according to settled rules of law and let each case be decided upon which might seem fair and in good faith by each factfinder. Justice Spears' concurring opinion calls attention to the many Texas cases where Texas courts have read good faith and fair dealing into contractually based transactions. The authorities cited in the Spears concurring opinion are too well established to be ignored. A rule that will accommodate these authorities as well as the majority's pronouncement must be formulated.

Justice Spears' citations foreshadow an emerging Texas rule that when a duty of good faith and fair dealing is not imposed upon the parties to a contract by its terms or by statute, a covenant to that end may be implied when certain special relationships exist. The special relationships prerequisite to the implied covenant of duty arises, in the words of the concurring opinion, either "from the element of trust necessary to accomplish the goals of the undertaking, or ... because of an imbalance of bargaining power." *Id.*, at 524 (Spears, J., concurring). The vigor and sweep of

the majority opinion at least precludes an expansion or extension of the doctrine beyond its present scope and reach as the Spears' citations detail it.

Mr. Forgy has narrowed the issues to the special relationship recognized by the Spears concurring opinion. The facts and circumstances will be examined to determine if the element of trust or imbalance in bargaining power that underlies the rule was raised in the record.

## TRUST ELEMENT

The plans prepared by the City were approved by a registered engineer, as required by TEX.REV.CIV.STAT.ANN. art. 3271a, § 19 (Vernon 1968), and furnished to Mr. Forgy. The plans specified that the metal casing for the well was to have a wall thickness of one-half inch. Within a few days after the pre-bid conference, the City's engineers recalculated the specified casing's ability to withstand anticipated pressures in the performance of the work and determined wall thicknesses might not be sufficient under anticipated methods of cementing the casing in place. The City did not inform Mr. Forgy, prior to or after his bid was accepted, of the recalculation or warn him the wall thickness specified was vulnerable to collapse by use of a standard method of completion the City's agents knew the subcontractors proposed to use and did use in performance of the contract.

It will be assumed that Mr. Forgy had a right to rely upon the sufficiency of the plans the City prepared.[1] However, his

---

1. Mr. Forgy's uncomplicated position is that he had no duty to investigate the adequacy of the plans and specifications provided by the City. He bases this stand upon (1) a statement by a city engineer at the pre-bid conference that the plans were adequate, (2) testimony at the trial that collapse strength of the casing was a design feature which was a responsibility of the City, (3) the plans were approved by a registered engineer as required by art. 3271a, § 19 and that he relied upon such representations and specifications. He recognizes that *Lonergan v. San Antonio Loan & Trust Co.*, 101 Tex. 63, 104 S.W. 1061 (1907), is authority for a rule that unless so expressed in the contract, an owner that furnishes a prime contractor plans and specifications is not a guarantor of the sufficiency of the plans and specifications. He contends that *City of Dallas v. Shortall*, 131 Tex. 368, 114

S.W.2d 536 (Tex.Comm'n App.1938, opinion adopted); *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 624 S.W.2d 203 (Tex.Civ.App.— Houston [1st Dist.] 1981), *rev'd on other grounds*, 642 S.W.2d 160 (Tex.1982); *City of Baytown v. Bayshore Constructors, Inc.*, 615 S.W.2d 792 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Board of Regents of the University of Texas v. S & G Construction Co.*, 529 S.W.2d 90 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Newell v. Mosley*, 469 S.W.2d 481 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.), and numerous other cases have eroded *Lonergan's* authority to the point that it is overruled by *Potler v. MCP Facilities Corp.*, 471 F.Supp. 1344 (E.D.N.Y.1979) and *Shintech Inc. v. Group Constructors, Inc.*, 688 S.W.2d 144 (Tex.App.—Houston [14th Dist.] 1985, no writ). His bottom line is that faulty plans caused the casing to rupture

evidence that the City failed to notify him of the results of its recalculations in effect concealed a defect or inadequacy of the plan from him is not proof that the contract with the City imposed upon him a compulsion or necessity to trust without question the adequacy of the City's casing specification for the performance of the work. To the extent Mr. Forgy trusted, it was by choice.

Mr. Forgy had been a licensed professional engineer for fifty years and was engaged in the construction business for forty-two. He had completed seven prior water well projects for the City dating from 1979. The contract delineated the rights and the role of each party. It fixed the relationship as that of an owner and an independent contractor. Mr. Forgy was obligated by it to examine the drawings, specifications, schedules, instructions and other documents. It provided that the "contractor, alone, shall be responsible for the safety, adequacy and efficiency of his plant, equipment and methods." It was Mr. Forgy's responsibility to determine the feasibility of his proposed method of installation in conjunction with the plans and specifications provided by the City. Similarly, Mr. Johnson was a licensed, professional water well driller who had worked as Forgy's drilling contractor for many years and had drilled eight prior wells for the City. He drilled 250 wells in his career. Both testified they were thoroughly familiar with City Water Board contract documents, the standard plans and specifications and the complete bidding and contracting process.

Calculations to determine the potential of the specified casing was not an arcane formula known only to City engineers; such calculations could be made as well by Mr. Forgy or any other competent engineer. While Mr. Forgy had a right to rely on the City's calculations, the contract did not impose any hindrance or bar to his making the calculations for himself. Mr. Forgy was not obligated by the contract to depend upon the City for guidance in determining the methods to be used in the performance of the contract or comply with its directions in that respect. Failure to warn on the City's part and his failure to make a determination in his own behalf appertained to the law of negligence rather than a breach of trust that the contract imposed upon and required Mr. Forgy to acquiesce in.

### BARGAINING POWER ELEMENT

When the Restatement rule and the emerging Texas rule are considered in the light of the mentioned limiting factors, little or no conflict is apparent. The rule or rules are concerned primarily with good faith performance and good faith enforcement of a contract. Under the Restatement rule good faith in negotiations of contract is not within the scope of the concept and is governed by other legal or equitable remedies. It would require an extension of the doctrine for Texas courts to bring negotiations within the scope of the rule in contracts such as this under consideration. Examination of the cases underlying the Texas rule discloses that an imbalance of bargaining power is limited to an imbalance of bargaining power conferred upon the parties by the terms of the contract with respect to performance or enforcement and not with respect to original formation of the contract.

The City's duty under the contract was to exercise the degree of care and diligence in the performance of its contractual obligations which a person of ordinary care and prudence would exercise in the management of his own business. *See G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved).[2]

and that his reliance upon the plans was justified.

The City insists the *Lonergan* rule is the law in Texas and cites *Welch v. Heat Research Corp.*, 644 F.2d 487 (5th Cir.1981); *Emerald Forest Utility District v. Simonsen Construction Co.*, 679 S.W.2d 51 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *North Harris County Junior College Dist. v. Fleetwood Construction Co.*, 604 S.W.2d 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

2. *See also Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983); *Amoco Production Co. v. First Baptist Church of Pyote*, 611 S.W.2d 610 (Tex. 1980); *Fitz-Gerald v. Hull*, 150 Tex. 39, 237

The record fails to reveal any evidence or provision of the contract which gave the City the right or opportunity, with little or no injury to itself, to take advantage of Mr. Forgy's want of information or diligence, lack of resources or inability to protect his own interests. Nor is there evidence the City unreasonably delayed, prevented or impaired Mr. Forgy's ability to perform the contractual work or to enforce a pecuniary or other right.

Appellant's second point of error is sustained and appellee's second counter-point is overruled.

■ In harmony with Mr. Forgy's pleadings and proof, the trial court's charge submitted Special Issue 1, divided into subsections A, B and C, and the jury found the City negligent in three particulars in the performance of the contract. Likewise, in harmony with the City's pleading and proof, the trial court submitted Special Issue 3, divided into subsections A, B and C, and the jury found Mr. Forgy negligent by answer to Issues 3A and 3C. Under the court's instruction the jury further determined each separate item of negligence found by the jury was a proximate cause necessitating additional work to complete the well contract. Then, in response to instructions and in answer to Special Issue 5, the jury attributed sixty-five percent of the negligence, that caused the additional work, to Forgy and thirty-five percent to the City. TEX.CIV.PRAC. & REM.CODE ANN. § 33.001(a) (Vernon Supp.1989) provides that no recovery may be had by a claimant in an action grounded in negligence when the claimant's percentage of responsibility is equal to fifty percent or more. The statute precludes Mr. Forgy's recovery based upon the jury's answers to Special Issue 1.

Mr. Forgy's two cross-points of error put in question the submissions of Issues 3A and 3C noticed above.

Argument is made that these issues were not proper under the pleadings and evidence and should not have been submitted. No injury is pointed out or alleged to flow from submission of the issues. In the absence of harm traceable to improper submission, error in submission, if any, becomes harmless. Therefore, the record does not justify a reversal because the error claimed does not amount to a denial of rights that were reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R. APP.P. 81(b)(1).

It is unnecessary to reach or discuss the remaining points briefed by the parties as actions on them would not change the disposition of the appeal that must be made. The judgment of the trial court will be reversed and judgment entered that Mr. Forgy take nothing by his suit.

It is so ordered.

S.W.2d 256 (1951); *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509 (1942); *Johnson v. Peckham,* 132 Tex. 148, 120 S.W.2d 786 (1938); *Schlittler v. Smith,* 128 Tex. 628, 101 S.W.2d 543 (Tex.Comm'n App.1937, opinion adopted); *Anderson v. Griffith,* 501 S.W.2d 695 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Morgan v. Arnold,* 441 S.W.2d 897 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r. e.); *Inman v. Parr,* 311 S.W.2d 658 (Tex.Civ.App. —Beaumont 1958, writ ref'd n.r.e.); TEX.BUS. & COM.CODE ANN. § 1.203 (Tex. UCC) (Vernon 1968). The Spears concurring opinion cites these cases.