TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00674-CV







Karen Armer, Appellant



v.



New Braunfels Independent School District, John Turman,


Charles Bradberry, and O. E. Hendricks, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C89-596A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 Karen Armer appeals from a trial-court order sustaining a plea to the jurisdiction
filed by New Braunfels Independent School District ("NBISD"), John Turman, and Charles
Bradberry (collectively "school district appellees"), and a trial-court order granting summary
judgment in favor of O.E. Hendricks. We will reverse the trial-court order sustaining the plea
to the jurisdiction and affirm the trial-court order granting Hendricks's motion for summary
judgment.



THE CONTROVERSY


 NBISD employed Armer as a high school teacher from 1976 through 1985 and had
arranged for her to continue teaching under an employment contract for the 1985-86 school year. 
Armer, however, failed to report to work on the first in-service day in August 1985. In lieu of
facing potentially adverse administrative proceedings, Armer resigned. Armer alleges that she
relinquished her right to an administrative hearing before the NBISD Board of Trustees and her
right to "appeal" to the Commissioner of Education (the "Commissioner") in return for Turman's
and Bradberry's promises to provide favorable recommendations to her prospective employers. 
Turman, Bradberry, and Hendricks each provided recommendations upon request. They were
not favorable. Armer sued in district court alleging that she has been unable to find further
employment because of appellees' damaging recommendations. The trial court sustained the
school district appellees' plea to the jurisdiction and dismissed the cause on the grounds that
Armer failed to exhaust her administrative remedies. Thereafter, the trial court granted
Hendricks's motion for summary judgment. Armer appeals on two points of error.



DISCUSSION AND HOLDINGS


 In her first point of error, Armer contends the trial court erred in sustaining the
school district appellees' plea to the jurisdiction because under the circumstances exhaustion of
remedies was not a prerequisite to judicial review. Armer alleges NBISD clothed Turman and
Bradberry with the power and authority to issue personnel recommendations to other school
districts. Alternatively, Armer argues, Turman and Bradberry acted independently to breach their
agreement with her.

 Whether the trial court had jurisdiction over Armer's complaints, in spite of her
failure to exhaust administrative remedies, is a question of law. North Alamo Water Supply Corp.
v. Texas Dep't Health, 839 S.W.2d 455, 457 (Tex. App.--Austin 1992, writ denied). In reviewing
an order of dismissal for want of jurisdiction, we must "construe the pleadings in favor of the
plaintiff." Texas Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); North
Alamo Water, 839 S.W.2d at 457.

 Generally, an appellant contesting a trial court's order sustaining a plea to the
jurisdiction must first establish that she resorted to the proper administrative authorities before
resorting to the courts. Bear v. Donna Indep. Sch. Dist., 74 S.W.2d 179, 181 (Tex. Civ.
App.--San Antonio 1934, writ ref'd). Texas courts have often reiterated the "well-established rule
that in all matters pertaining to the administration of school laws involving questions of fact as
distinguished from pure questions of law resort must first be had to the school authorities." 
Mission Indep. Sch. Dist. v. Diserens, 188 S.W.2d 568, 570 (Tex. 1945). (1) There are exceptions
to the rule. Three determining factors are relevant to our analysis: (1) the extent of any injury
from pursuit of administrative remedies; (2) the degree of apparent clarity or doubt about
administrative jurisdiction; and (3) the involvement of specialized administrative understanding
in the question of jurisdiction. See Kenneth C. Davis, Administrative Law Text § 20.03 (3d ed.
1972).

 Armer's pleadings suggest that an informal practice exists within NBISD in which
a school employee may resign without an administrative hearing in order to obtain a "good"
recommendation. In essence, Armer asserts a breach of contract action; she resigned, but did not
receive a favorable recommendation. Appellees assert that Armer's complaints against them fall
within section 11.13(a) of the Texas Education Code. Section 11.13(a) provides:



. . . persons having any matter of dispute among them arising under the school
laws of Texas or any person aggrieved by the school laws of Texas or by actions
or decisions of any board of trustees or board of education may appeal in writing
to the commissioner of education, who, after due notice to the parties interested,
shall hold a hearing and render a decision without cost to the parties involved, but
nothing contained in this section shall deprive any party of any legal remedy. 



Tex. Educ. Code Ann. § 11.13(a) (West 1991) (emphasis added).

 Armer's pleadings do not allege a dispute "arising under the school laws of Texas,"
or that she is a "person aggrieved by the school laws of Texas or by actions or decisions of any
board of trustees or board of education." Id. A breach of contract dispute is not an issue clearly
falling within an administrative agency's jurisdiction, nor is it an issue involving specialized
administrative expertise. See Davis, supra, at 387. (2) Armer's pleadings, by their nature, lie
outside the Commissioner's jurisdiction. See Texas Educ. Agency v. Cypress-Fairbanks Indep.
Sch. Dist., 830 S.W.2d 88 (Tex. 1992). In Cypress-Fairbanks, the supreme court held that
although federal claims did not "'arise under the school laws of Texas,' the Commissioner's
jurisdiction extends to appeals by 'any person aggrieved by . . . actions or decisions of any board
of trustees.'" Id. at 90-91 (emphasis added). Therefore, the supreme court held that the
Commissioner had jurisdiction over the federal claims even though the Commissioner could not
"grant all relief--including damages and injunctive relief--to which the employees would otherwise
be entitled if they prevailed . . . in court." Id. at 91. In the present cause, Armer does not
complain about any school law or an act or decision of the board of trustees. Therefore, section
11.13 does not apply.

 The present cause is analogous to Calvin v. Koltermann v. Underream Piling Co.,
563 S.W.2d 950 (Tex. Civ. App.--San Antonio 1977, writ ref'd n.r.e.). In Calvin v. Kottermann,
Inc., Underream Piling Company, a subcontractor hired to perform excavation and foundation
work in preparation for a new administration building, sued Calvin v. Koltermann, Inc., its
general contractor on a subcontract after a newly-elected school board voted to cancel the
construction project. Id. at 953. The court held that Calvin v. Koltermann, Inc. was not required
to exhaust administrative remedies because it was not aggrieved by the school laws of Texas or
by any action or decision of the Board. Id. at 954-55. The issue in Calvin v. Koltermann, Inc.
was the validity of a contract between the subcontractor and the general contractor. "The
Commissioner of Education does not exercise judicial power to determine the legality of contracts
or the legal rights of parties thereto. Such are matters for the courts to determine under our
system of a division of powers of government." Id. at 955 (quoting Board of Trustees of Crystal
City Indep. Sch. Dist. v. Briggs, 486 S.W.2d 829, 835 (Tex. Civ. App.--Beaumont 1972, writ
ref'd n.r.e.)). But cf. Trustees of Crosby Indep. Sch. Dist. v. West Disinfecting, 121 S.W.2d 661,
664 (Tex. Civ. App.--Dallas 1938), writ dism'd, 143 S.W.2d 749 (Tex. 1940). (3)

 Armer is not complaining that NBISD wrongfully terminated her employment
contract or that she should be reinstated--disputes that would clearly require exhaustion of
administrative remedies. (4) To the extent Armer's allegations are based on the failure of the school
district appellees to perform their end of the alleged bargain, exhaustion of administrative
remedies is not required. Because Armer's breach of contract claim does not arise under the
school laws of Texas or stem from an adverse Board decision, we sustain Armer's first point of
error. 

 In her second point of error, Armer contends that the trial court erred in granting
Hendricks's motion for summary judgment. (5) The summary judgment order does not specify the
theory relied on by the trial court; therefore, we will affirm the trial-court order if any pleaded
theory is meritorious. Hayes v. E.T.S. Enters., Inc., 809 S.W.2d 652, 655 (Tex. App.--Amarillo
1991, writ denied).

 Although the portion of Armer's petition entitled "Breach of Contract/Agreement"
mentions Hendricks, the text of the argument is insufficient to establish an agreement between
Armer and Hendricks. The alleged agreement arose during the fall of 1985 when Armer
approached Hendricks, a public relations officer for First National Bank of New Braunfels and
former NBISD superintendent, and asked for his recommendation. Hendricks later provided the
recommendation requested, however his recommedation criticized Armer, stating that he would
not offer her further employment and would not like her teaching his children. Armer argues that
"Hendricks created and continued a special relationship" by his promise to provide a favorable
recommendation, upon which Armer relied. (6) Armer has not alleged that the agreement is
supported by consideration; she testified only that when she asked Hendricks to write a reference
letter for her, "he said he would be more than happy to. He was indicating to me that he would
write a very high recommendation." At best, Armer's pleadings suggest a tort--a theory that
Armer detrimentally relied on Hendricks's misrepresentation that he would provide her with a
favorable recommendation. Other causes of action that were alleged and conceivably were meant
to apply to Hendricks are also based on the existence of a tort duty on Hendricks's part. (7)

 It is fundamental that one may not recover for an injury caused by the conduct of
a defendant absent a legal duty owed to the plaintiff and a violation of that duty by the defendant. 
Griggs v. Capitol Mach. Works, Inc., 690 S.W.2d 287, 293-94 (Tex. App.--Austin 1985, writ
ref'd n.r.e.); Rodriquez v. Carson, 519 S.W.2d 214, 216 (Tex. Civ. App.--Amarillo 1975, writ
ref'd n.r.e.). Whether a legal duty exists under the circumstances is a question of law to be
determined by the court. Id. 

 Therefore, the controlling issue is whether Hendricks owed a duty to Armer. 
Armer argues that her relationship with Hendricks may be characterized as a "special
relationship." Hendricks responds that Texas courts have never recognized a "special
relationship" between former employers and employees and that Armer has not alleged facts
giving rise to a duty to give "false positive" references to prospective employers. (8)

 Armer cites City of San Antonio v. Forgy, 769 S.W.2d 293 (Tex. App.--San Antonio
1989, writ denied), stating that Hendricks "possessed a greater bargaining power because of his
knowledge of [Armer's] service in NBISD and his previous experience in school district
administration." In Forgy, the court held that a duty of good faith and fair dealing may be implied
when a special relationship between the parties exists as a result of an imbalance in bargaining
power conferred on the parties by the terms of a contract. Id. at 297. The present cause is
distinguishable from Forgy because there was no contract between Hendricks and Armer. Armer
fails to cite any other authority relating to Hendricks's alleged duty, and we have found none
which supports Armer's position. (9)

 Certain relationships of trust and confidence giving rise to a fiduciary duty may
originate "informally from purely personal relationships." Thigpen v. Locke, 363 S.W.2d 247,
253 (Tex. 1962). "Such informal fiduciary relationships may arise 'where one person trusts in
and relies upon another, whether the relation is a moral, social, domestic or merely personal
one.'" Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591, 594 (Tex.
1992) (quoting Fitz-Gerald v. Hull, 237 S.W.2d 256, 261 (Tex. 1951). Whether such a
relationship exists is generally a question of fact; however, if there is no showing to support such
a proposition it becomes a matter of law. Crim Truck, 823 S.W.2d at 594. Armer's subjective
trust in Hendricks promise to provide a favorable recommendation, as shown in the summary-judgment record, is insufficient to transform their association into a fiduciary relationship. Id.
at 595. Because Hendricks owed no duty to Armer, we overrule Armer's second point of error.

 For the reasons given, we reverse the trial court's order sustaining the plea to the
jurisdiction, remand the cause to the trial court as to New Braunfels Independent School District,
Turman and Bradberry, and affirm summary judgment in favor of Hendricks.



 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded in Part; Affirmed in Part

Filed: May 3, 1995

Do Not Publish

1.   See also Texas Catastrophe Prop. Ins. v. Miller, 625 S.W.2d 343, 346 (Tex.
App.--Houston [14th Dist.] 1981, writ dism'd); Texas Air Control Bd. v. Travis County, 502
S.W.2d 213, 215 (Tex. Civ. App.--Austin 1973, no writ) (quoting Myers v. Bethlehem
Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)); Trustees of Crosby Indep. Sch. Dist. v. West
Disinfecting Co., 121 S.W.2d 661, 664 (Tex. Civ. App.--Dallas 1938, writ dism'd).
2.   Although two of Davis's factors weigh in favor of Armer's argument that exhaustion
of remedies is not required, there is no evidence that Armer would have been further
injured had she exhausted her administrative remedies.
3.   The court in West Disinfecting, required the exhaustion of administrative remedies in a
suit for debt and for a writ of mandamus to compel the trustees to issue and pay a warrant. 
The court based its analysis primarily on two statutes giving power to the superintendent to
administer all school laws and to conduct the business relating to all public schools. West
Disinfecting, 121 S.W.2d at 662-64. See Act of Apr. 16, 1907, 30th Leg., R.S., ch. 111, §
37, 1907 Tex. Gen. Laws 210, 211 (Tex. Rev. Civ. Stat. Ann. art. 2690, since repealed); Act
of July 14, 1905, 29th Leg., R.S., ch. 124, § 25, 1905 Tex. Gen. Laws 263, 271 (Tex. Rev.
Civ. Stat. Ann. art. 2655, since repealed). No such similar statute now exists giving the
NBISD Board or the Commissioner of Education jurisdiction over a breach of contract claim
unrelated to the school laws of Texas. 
4.   See Roberts v. Hartley Indep. Sch. Dist., 877 S.W.2d 506 (Tex. App.--Amarillo 1994,
writ denied) (exhaustion of remedies required in former teacher's breach-of-contract action
seeking damages and reinstatement because no claims of irreparable harm, lack of
Commissioner's jurisdiction, or constitutional rights violations were alleged); see also Jones v.
Dallas Indep. Sch. Dist., 872 S.W.2d 294, 296 (Tex. App.--Dallas 1994, writ denied)
(wrongful termination allegations involving questions of fact require exhaustion of
administrative remedies before judicial review); accord Mitchison v. Houston Indep. Sch.
Dist., 803 S.W.2d 769, 773 (Tex. App.--Houston [14th Dist.] 1991, writ denied); Benavides
Indep. Sch. Dist. v. Guerra, 681 S.W.2d 246, 248 (Tex. App.--San Antonio 1984, writ ref'd
n.r.e.); Farrar v. Colorado Indep. Sch. Dist., 444 S.W.2d 204, 207 (Tex. Civ. App.--Eastland
1969, writ ref'd n.r.e.).
5.   The standards for reviewing a motion for summary judgment are well established: 
(1) The movant for summary judgment has the burden of showing that no genuine issue
of material fact exists and that he is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in its
favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
6.   Armer's petition alleged as follows:


 The relationship between the Plaintiff and Defendant Hendricks was a
special relationship. Defendant Hendricks had been the NBISD
superintendent when Plaintiff was first employed by the district. He had
knowledge of her teaching and all the favorable evaluations in her personnel
file. His years of service to the district and his position in the community
made him particularly influential. Therefore, his agreement to act as a
reference was all the more significant, and a negative recommendation would
also be magnified accordingly. Plaintiff would not have relied on his promise
to give a good recommendation if she had known he did not intend to provide
one. By agreeing to provide a good recommendation for Plaintiff, Defendant
Hendricks created and continued a special relationship.
7.   Throughout Armer's pleadings, "Defendants" are referred to without reference to
which defendant was intended. Other subheadings in Armer's live pleadings which may
have been intended to apply to Hendricks are: (1) tortious interference with contract; (2)
special relationship: breach of duty of good faith and fair dealing; (3) negligent and/or
intentional infliction of emotional distress; and (4) fraud and fraudulent concealment.
8.   In fact, Texas courts grant former employers a qualified privilege to make
statements in good faith when they provide job-related recommendations. Former
employers making statements to another person having a corresponding interest or duty
in the matter to which the communication relates are protected from libel and slander
actions. See Smith v. Holley, 827 S.W.2d 433 (Tex. App.--San Antonio 1992, writ denied);
Ramos v. Henry C. Beck Co., 711 S.W.2d 331, 335 (Tex. App.--Dallas 1986, no writ);
Houston v. Grocers Supply Co., 625 S.W.2d 798, 800-01 (Tex. App.--Houston [14th Dist.]
1981, no writ); Butler v. Central Bank & Trust Co., 458 S.W.2d 510, 514-15 (Tex. Civ.
App.--Dallas 1970, writ dism'd).
9.   See Day v. Zimmermann, Inc. v. Hartridge, 831 S.W.2d 65,70-1 (Tex. App.--Texarkana
1992, writ denied) (declining to find duty of good faith and fair dealing in employment
relationship); McClendon v. Ingersoll-Rand Co., 757 S.W.2d 816, 819-20 (Tex.
App.--Houston [14th Dist.] 1988), aff'd, 807 S.W.2d 577 (Tex. 1991) (employer-employee
relationship not recognized as "special" relationship).